## SCHNEIDER v. ALLES, Ex'x.

No. 16545—Opinion Filed Dec. 14, 1926.

Rehearing Denied March 15, 1927.

1. **Appeal and Error—Review—Sufficiency of Evidence Supporting Verdict.**

A judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury.

2. **Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment for plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; Chas. Swindall, Judge.

Action by Katie Alles, as executrix, against August Schneider. Judgment for plaintiff, and defendant appeals. Affirmed.

F. E. Chappell, for plaintiff in error.

C. D. Rosemond, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced her action against the defendant to recover for debt on promissory notes. The trial of the cause resulted in judgment for the plaintiff. The defendant has appealed to this court for review. The main objection of the appellant is, that the judgment is contrary to the law and the evidence.

The plaintiff alleged that the defendant was indebted to the estate of George Alles for about the sum of $700, as a balance due on promissory notes. The defendant answered that he paid the entire indebtedness due the plaintiff on the notes by the check, which was indorsed "Full payment for all indebtedness"; that upon · delivery of the check to the plaintiff, the latter delivered the notes to him; that the conduct of the plaintiff amounted to a complete acknowledgment of payment and satisfaction for the indebtedness.

The plaintiff replied that she presented the notes to the defendant for payment, and he advised her that he had made payments on the notes which were not indorsed on the instruments; that he had receipts and canceled checks to show for the payment; that the defendant stated that he would pay to her a sum of money equal to that shown to be due by the face of the notes, less the amounts which he had previously paid, and which were not indorsed on the notes, and that he would later procure and present to her the receipts and canceled checks for the sums not credited.

The plaintiff alleged that she was unable to read and write, and relied on statements of the defendant that he had made the payments, and would later procure and present to her canceled checks and receipts for the payments not indorsed on the notes. The defendant failed to procure canceled checks or signed receipts for the sums which he claimed that he had paid.

The allegations of plaintiff's petition and the claims of the defendant presented issues of fact to go to the jury; each introduced competent evidence in support of their respective contentions.

The jury found the issue in favor of the plaintiff on proper instruction from the court. There is sufficient competent evidence to support the verdict of the jury. A judgment of the court based on the verdict of a jury, in a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict of the jury. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 854, §2834; 2 R C. L. p. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 80; 6 R. C. L. Supp. p. 73. (2) 4 C. J. p. 1129, §3122.