## NOEL v. EDWARDS.

No. 14748. Opinion Filed Oct. 18, 1927.

(Syllabus.)

1. Guardian and Ward—Validity of Guardian Sale of Land—Syllabus Adopted.

On the question raised as to the failure of the petition to set out a statutory ground for sale, we adopt by reference as controlling the statement of the law in the syllabus in the case of Abraham v. Homer, 102 Okla. 12, 226 Pac. 45.

2. Same—Sale not Invalidated by Guardian Misapplying Part of Purchase Money to Obtain Lease from Buyer Unless Done Pursuant to Agreement Before Sale.

Where land of a minor is sold and the purchase price actually paid, the trial court properly refused to instruct the jury in effect that the appropriation by the guardian of part of the money and the payment thereof by him, personally, to the purchaser for a lease on the premises sold after the sale was consummated would invalidate the sale regardless of whether it was done in pursuance of an agreement had before the sale.

Error from District Court, Haskell County; E. F. Lester, Judge.

Action by Edward Noel against J. M. Edwards. Judgment for defendant, and plaintiff brings error. Affirmed.

G. A. Holley, E. D. Means, and Malcolm E. Rosser, for plaintiff in error.

W. H. Brown, Guy A. Curry, and Foster V. Phipps, for defendant in error.

BRANSON, C. J. Edward Noel, the plaintiff in error here, as plaintiff, sued J. M. Edwards, defendant in error here, as defendant. The judgment of the district court was for the defendant.

Edward Noel owned an allotment of land as a citizen of the Choctaw Nation of one-eighth Indian blood. He had a guardian by the name of Spradley. The guardian sought and obtained an order of the county court of Haskell county in 1910 to sell plaintiff's said land, and offered the same for sale. It is through this sale that the defendant obtained the record title.

The plaintiff summarizes (brief, page 73) his assignments of error, in effect, as follows:

(1) The petition to the county court for an order of sale and the order did not confer

jurisdiction upon that court, as the petition showed on its face that there was no necessity for the sale.

(2) That the evidence shows the money paid was applied on indebtedness of the guardian to a bank of which the defendant was president and one Charles X. Edwards was cashier.

(3) Error in refusing a certain requested instruction (this is given hereafter).

(4) Error in instructing the jury on its request, after some deliberation, to the effect that if Spradley became indebted to the bank after the sale was consummated and there was no understanding prior thereto that the money arising from the sale should pay such indebtedness, that the money received for the land or a part thereof, although used by Spradley in paying such subsequent debt, did not authorize a verdict for the plaintiff.

(5) That the court erred in permitting a certain lawyer to argue the cause for the defendant.

These in their order.

The action was in ejectment. the plaintiff alleging that he was the owner of the land and entitled to. the possession thereof. with damages for detention, with which was coupled a prayer that his title be quieted.

The plaintiff, after citing section 1466, C. O. S. 1921, and section 1467, C. O. S. 1921, says:

"The petition shows on its face that the sale was not asked for any purpose authorized by statute. * * * The petition stated that the proceeds would be used for the purpose of purchasing other lands for the ward. and for his support and education. * * * The statute does not authorize the sale for the purpose of buying other lands. A reading of the petition for the sale demonstrates that the ostensible reason for the sale was that there was malaria on Sans Bois creek, and that the land overflowed. * * * neither of which alleged reasons would have furnished grounds for the sale of the property. * * * But regardless of the truth or falsity of the statements as to whether the land overflowed or washed or whether it was malarious, the statute did not authorize its sale because of any of these things. The statute governs."

We shall quote at this point part of the order made on the said petition:

"And upon due examination and consideration of said petition. and after a full hearing upon the same and upon due consideration of the proof offered in said matter, the court finds that the sale of real estate belonging to said ward mentioned in said petition, and hereinafter described, is necessary for the purposes of reinvestment in other lands; that the land is situated in Sans Bois bottom, a very unhealthy and undesirable location, that the land is bottom land, and subject to overflow, and has for the past three years overflowed, and brought or produced practically nothing. That the land is washing into Sans Bois creek, and in a short time will be practically worthless, and is for the best interest of said ward."

Thereafter follows the formal part of the order directing the guardian, Spradley, to advertise and sell the land.

We here refer to the case of Abraham et al v. Homer. 102 Okla. 12, 226 Pac. 45, It would not be useful either to quote or paraphrase the said opinion or any part thereof. We adhere to the reasoning contained therein. It is controlling on the assignment of error now at hand, especially paragraphs 11, 13, 17, 18, and 20 thereof,

Assignment No. 2 grows out of the allegation in the petition as to fraudulent conspiracy between the defendant, president of the Farmers & Merchants Bank, and Charles X. Edwards, with Spradley to sell the land, the money to be used to pay a personal debt Spradley owed the bank. If there was such a conspiracy, it is clear from the evidence it was sought to be built around the intent and purpose of Edwards, as an officer of the bank, to secure money due the bank from Spradley, by reason of the sale of the land belonging to the plaintiff. On this direct issue the plaintiff submitted to the trial court the instruction he desired given, and which was given. It is in words and figures as follows, to wit:

"You are instructed that if you find from a preponderance of the evidence that the purchase price paid for the land in controversy, or a material part thereof, was deposited in the Farmers & Merchants Bank. and that the defendant. J. M. Edwards. was president of said bank. and that C. X. Edwards was the cashier thereof, and that the money so deposited. or a material part thereof. was applied by the bank to the payment of a debt then owing by Spradley, who was then the guardian of Edward Noel. to the bank, and that C. X. Edwards knew that the money was so applied, your verdict should be for the plaintiff. and he is the owner and entitled to the possession of the land sued for."

This instruction submitted to the jury for determination the issue of fraudulent conspiracy raised by plaintiff. The verdict of the jury was:

"We. the jury. drawn. impaneled, and

sworn in the above entitled cause, do upon our oaths find for the defendant."

This verdict on this issue is reasonably supported by the evidence.

Assignments Nos. 3 and 4 should be considered together. After some deliberation, the jury requested further instruction, the request being made of the court by the foreman:

"The question we want to ask is—if the money was put in the bank and then checked out by a check of the guardian, if he had it in his own control, then, whether he had the right to handle it or not? * * * If this debt was made after the money was received in the bank—if the debt was made later than that, then did the guardian have a right to check it out or not."

The court responded:

"If the debt was made later and there was no understanding, then that could not be considered by the jury."

Counsel for plaintiff thereupon said:

"I want to save an exception, * * * and I am not prepared to say at this time that your honor is right. I am not sure that you are right, and therefore I want to save the record."

It is clear that this request by the jury grew out of what appears in the record (C.-M., page 69), to the effect that about a month after selling this land the guardian rented it from the purchaser, and admitted that he took part of the money received on the sale of the land to pay the rent. It was this transaction on which assignment No. 3 is predicated. It is to the effect that the court erred in refusing a requested instruction as follows:

"The jury are instructed that if they find from the evidence that Spradley, the former guardian of the plaintiff, rented the land in controversy from C. X. Edwards at the time of or shortly after the probate sale was made, and that C. X. Edwards received out of the purchase price of said land the amount that Spradley agreed to pay as rent, then your verdict should be for the plaintiff that he is the owner and entitled to the possession of said land."

The evidence discloses that the purchase price was paid to the guardian, that the guardian placed it on deposit in the said bank. If the guardian subsequently appropriated part of the money to his own use, which the said instruction presupposes, and this was not in accordance with an understanding had prior to the sale, this appropriation by the guardian would not make a sale, otherwise valid, invalid.

As to the fifth assignment, to the effect

that counsel whose name appeared upon the amended petition for plaintiff should not have been permitted to present an argument for the defendant, we cannot agree with the defendant that this was proper. We have read the cases cited by the plaintiff where similar conduct has worked a reversal of the case, but we fail to find anywhere the facts are as disclosed by this record. The attorney in this case who was challenged, did not draw the pleading, or talk to the witnesses, or secure information by virtue of having signed the petition. He signed it merely at the request of other counsel, who continued in the case, and nothing is made to appear that the action of either the court or the jury was prejudicially affected by this irregular conduct on part of one of the attorneys.

The judgment of the trial court is affirmed.

MASON, V. C. J., and HARRISON, HUNT, RILEY, and HEFNER, JJ., concur.

PHELPS and CLARK, JJ., dissent.

Note.—See under (1) 28 C. J. p. 1172. §292. (2) 28 C. J. p. 1205, §356; 31 C. J. p. 1056, §141.