## SHARP v. WHITNEY et al.

No. 22339.    Dec. 18, 1934.

Warren B. Phillips, for plaintiff in error.

L. H. Harrell, A. M. Kerr, and H. W. Carver, for defendants in error.

PER CURIAM. This is an appeal from the district court of Seminole county. In that court, the case was tried to the court on an agreed statement of facts, and the court found generally for the defendants, and plaintiff appeals.

Torchee, a full-blood Seminole, died intestate in Seminole county, in 1920, seized with the tract of land described in plaintiff in error's petition as part of her allotment. She left as her sole and only heirs three children, Melson, Mary, and Alex Sharp, the latter two being minors and plaintiffs herein; that Josie Marpiyecher was duly appointed and qualified as guardian of said minor heirs; that on the 2nd day of October, 1925, Josie Marpiyecher, guardian, filed his petition in the county court of Seminole county, praying the court for an order to sell the undivided interest of said minors in the real estate inherited from their mother. In such petition it was recited:

"That the next of kin and persons interested in the estate of said wards, together with their respective places of residence are as follows: Mina Harjo, Hazel, Okla., Melson Sharp, Hazel, Okla."

That on the 21st day of October, the county court of Seminole county issued its order of sale, directing that "this order be published for four consecutive weeks in the Wewoka Capital Democrat, a newspaper of general circulation in said county, published weekly at Wewoka, Okla." The following is indorsed on this paper:

"State of Oklahoma,)
"Seminole county.    ) ss.

"_____, of lawful age, being first duly sworn, upon oath says that on the _____ day of _____, he personally served the within notice upon the within named _____.
"(Signed): Josie Marpiyecher."

Also indorsed on the order for hearing is the sworn statement of Ruby Walker that, on the 21st day of October, 1925, she posted three true and correct copies of the foregoing order in three public places in Seminole county, one being at the front door of the courthouse in Wewoka. There was also

filed with the court clerk proof of publication of the notice, duly sworn to, as directed by the order of the court. A decree of sale was duly entered by the county court which reads in part as follows:

"Now, on this 23rd day of November, A. D. 1925, there coming on for hearing the petition of Josie Marpiyecher, filed herein as the guardian of Mary Sharp and Alex Sharp, minors, for an order authorizing the sale of the real estate described in said petition, and said petitioner appearing in person, and by his attorney, S. S. Orwig, and it being proven to the satisfaction of the court that due and timely notice was given of the hearing of said petition by personal service on the next of kin, by posting notices in three public places, one of which was at the front door of the courthouse, and by publication of said order of hearing petition to sell, all as required by law, and said matter being submitted to the court, and upon due examination and consideration of said petition and after a full hearing upon same, and upon due consideration of the proofs offered in said matter, the court finds that the sale of all real estate belonging to said wards mentioned in said petition and hereinafter described, is necessary for the purpose of educating, maintaining and supporting said wards. * * *"

It is the position of the plaintiff in error that the recitals of the service of the notice of hearing petition for sale of real estate upon the next of kin was no notice at all, and that the sale is void on the face of the record for lack of service upon the next of kin to hear the petition for sale, and that service upon the next of kin is essential to a valid sale.

Section 1472, C. O. S. 1921, provides:

"The county judge shall cause copies of said order to be posted up in three public places in the county, one of which shall be at the courthouse where said hearing is to be held, and personally served on the next of kin of the ward and all other persons interested in the estate of said ward, residing in the county, and to be mailed to all such persons who are not residents of the county, with postage prepaid, at least 14 days before the date of such hearing of the petition."

Plaintiff in error contends that the notice to be served on the next of kin is mandatory and jurisdictional; that such notice was not served in person upon the next of kin, and that they had not waived it, and this therefore makes the sale void.

Judgment was rendered in the district court of Seminole county for the defendants on the 13th day of November, 1930.

On the 26th day of April, 1932, this court, in Bearhead v. American Investment Co., 157 Okla. 84, 10 P. (2d) 1086, passed upon the issues involved in this case and decided them adversely to the contention of the plaintiff in error. In that case, in paragraph 1 of the syllabus, this court said:

"Notice of hearing a petition for sale of real estate of a minor in guardianship proceedings is not 'process' within the meaning of section 862 and 1086, C. O. S. 1921."

In paragraph 2:

"Where a guardianship proceeding is being conducted by a county court having jurisdiction, the sufficiency of a notice of hearing of a petition for a decree of sale is a matter for the consideration of the county court, and where a guardian has been appointed and a decree of sale and an order of confirmation of sale have been made, followed by execution and delivery of a guardian's deed, the proceedings are not open to a collateral attack in an independent suit to cancel the proceedings."

Plaintiff in error cites and relies upon the case of Rock Island Implement Co. v. Pearsey et al., 133 Okla. 1, 270 P. 846. That case is clearly distinguishable from this case. In it the judgment roll disclosed that notice was not personally served upon the next of kin, while in the case at bar the court finds that notice of the hearing the petition to sell was personally served.

Plaintiffs in error argue that since the only part of the record attempting to show service of the notice on the next of kin is void, therefore, this is all the proof the court heard.

This contention, however, is untenable, the presumption of law being that when the county court's attention was called to the defects in this proof of service, the court required other and additional proof that the notice of sale was personally served on the next of kin. The court specifically finds, after hearing evidence, that the notice of application for sale of real estate of minors had been duly and personally served on the next of kin, which finding would be conclusive on this court.

In Manuel v. Kidd, 126 Okla. 71, 258 P. 732, this court, in syllabus par. 1, says:

"County courts of this state are courts of record, and have original general jurisdiction in probate matters. The orders and judgments of such courts when acting within their jurisdiction are entitled to the same favorable presumption and the same immunity from collateral attack as are accorded orders and judgments of courts of general jurisdiction. Unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a

court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did."

To the same effect is Dill v. Stevens, 141 Okla. 24, 284 P. 60, and Harrison v. Orwig, 149 Okla. 54, 299 P. 143.

Service of the notice on the next of kin not being process, and the action of the county court in hearing evidence to support the allegations of the guardian's petition to sell and service of notice on the next of kin, in ordering the sale and approving it after made, and the execution and delivery of the guardian's deed gives the defendants in error title not subject to collateral attack in this proceeding.

For the reasons stated, the cause is affirmed.

The Supreme Court acknowledges the aid of Judge Will H. Chappell, Criminal Court of Appeals, who assisted in the preparation of this opinion. The Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.