### LINCOLN v. TIDEWATER OIL CO.

No. 26391. April 7, 1936.

Rehearing Denied May 19, 1936.

Application for Leave to File Second Petition for Rehearing Denied June 16, 1936.

Morse Garrett and F. B. Righter, for plaintiff in error.

Y. P. Broome and T. W. Francis, for defendant in error.

PER CURIAM. This action was brought in the district court of Creek county, Okla., October 15, 1925 by plaintiff in error, plaintiff below, to cancel certain conveyances of real estate located in Creek county, for an accounting for the oil taken therefrom, and for other equitable relief. Plaintiff alleged that said conveyances were void for lack of jurisdiction and voidable by reason of extrinsic fraud practiced in their procurement. The trial court, sitting without a jury, heard the cause and rendered judgment for the defendant.

The plaintiff. a new-born Creek freedman, was born September 5. 1904. in the western district of Indian Territory, and received an allotment including the land in question. His father died when he was nine months old. David Harrison was appointed guardian of plaintiff by the United States Court for the Indian Territory, and at statehood this cause was transferred to the county court of Wagoner county. His mother married Alex Bruner. Alex Bruner was appointed guardian of plaintiff in the county court of Tulsa county, and on January 15, 1910 that court approved a guardian's sale by Bruner to O. M. Ireland of 160 acres, including the 80 acres of land in question, which it purported to confirm February 11, 1910, and Bruner, as guardian, was paid $583 by Ireland pursuant to this sale and confirmation for the full 160 acres. On November 25 1910, the county court of Tulsa county made an order transferring its guardianship to the county court of Wagoner county. Thereupon. in that case Bruner resigned,

and on March 28, 1911, the county court of Wagoner county accepted the resignation, discharged Bruner, and released his bond. On April 29, 1911, the county court of Wagoner county accepted the resignation of David Harrison as guardian of plaintiff, and he was discharged and his bond as guardian released. On May 15, 1911, J. C. Casaver was appointed guardian of plaintiff in the county court of Wagoner county, plaintiff's mother filing a written waiver and nomination of said J. C. Casaver. The land was appraised at $400 August 23, 1911, and the appraisement filed. On November 7, 1911, Casaver, as guardian, filed an application in this cause for the sale of 160 acres of land of the plaintiff ward, including the land in question. On December 7, 1911, the court ordered the land sold. On December 8, 1911. the court ordered the land leased for oil and gas purposes, and approved and confirmed oil and gas leases to J. E. Siegfried. An appraisement of the land for $450 was had and filed in the case on January 2, 1912. On January 18, 1912, the guardian filed his verified return of sale, alleging full compliance with the court's order, and reporting that on January 11, 1912, he sold the particular land in question to O. M. Ireland, he being the highest bidder, for the sum of $960. On January 30, 1912, the court found that said sale had been legally and properly had and confirmed it in all respects. On that date Ireland contracted to sell the land in question to the defendant oil company. On February 29 1912, there came on for hearing the petition of the purchaser, O. M. Ireland, filed in the guardianship case, to be allowed a credit of $583 upon this purchase price. The court found that all of the allegations of said petition were true; that Ireland had paid Alex Bruner, as guardian of plaintiff, the sum of $583 for 80 acres of this property while Bruner was acting as guardian of plaintiff in the county court of Tulsa county. under the orders of the county court of Tulsa county; that Ireland should be given credit for the sum of $484.50 theretofore paid, and upon payment to the guardian, Casaver, of $475.50 by Ireland, said guardian should execute a deed pursuant to the confirmation of sale made January 30, 1912. On March 20. 1912, said guardian's deed was made, March 22, 1912, Ireland made a quitclaim deed to the Tidewater Oil Company (then known as the Oklahoma Oil Company). On June 11, 1913, Casaver was duly discharged as guardian and all of his official acts were approved. This suit was filed in Creek county within one year after plaintiff attained his majority.

At the conclusion of plaintiff's evidence, defendant demurred thereto and announced that it had no evidence to offer. The case was then submitted to the court on briefs and requests for findings of fact and conclusions of law. The court filed its findings of fact and conclusions sustained defendant's demurrer to plaintiff's evidence, and rendered judgment for the defendant.

Plaintiff contends that the decisive question first to be determined is whether plaintiff's evidence made out a prima facie case. In other words, that the judgment sustaining defendant's demurrer to plaintiff's evidence should be reversed if the plaintiff's evidence, taken as true, with all reasonable inferences that may be drawn therefrom in plaintiff's favor, showed a possible right of recovery. This action is equitable in its nature, brought purely for equitable relief. It was tried to the court without a jury. The effect of the demurrer under such circumstances, is that of a motion for judgment, and when made the trial court may weigh the evidence and pronounce judgment where the testimony warrants. Penny v. Vose, 108 Okla. 103, 234 P. 601; Connolly v. Gaffaney, 159 Okla. 60, 14 P. (2d) 391.

Plaintiff next contends that the refund made February 29, 1912, to Ireland, upon petition filed in the guardianship case for that purpose, rendered the guardian's deed void. This is a collateral attack on the guardian's sale The refund was made upon a petition reciting the facts and filed in the guardianship case by Ireland. A hearing was duly had. An order was made authorizing and approving the refund, and the guardian's acts, on his final report, were in all things approved. Without passing upon the propriety of this action of the county court, we do say that the sale will not be disturbed by reason thereof on collateral attack. This question was decided in Johnson v. James, 101 Okla. 140, 223 P. 843. Also, see Noel v. Edwards, 127 Okla. 163, 260 P. 58. Plaintiff cites as controlling the case of Lytle v. Fulotka, 106 Okla. 86, 233 P. 456. That case does not apply. There was proven in it that a prior secret agreement existed between the purchaser and the guardian that the purchaser would pay a part of the bid made at the guardian's sale, and that the guardian would report the land as being sold for the full amount. This was extrinsic fraud. The facts in the case at bar are to the contrary. There was no extrinsic fraud, the entire matter having been fully disclosed and sub-

mitted to the county court of Wagoner county. Therefore, the Lytle Case has no application.

It is next contended that the contract dated January 30, 1912, the same day the county court confirmed the guardian's sale to Ireland, wherein Ireland agreed to sell the land to the defendant, and the guardian's deed made pursuant to the guardian's sale of the land in the county court of Tulsa county, which was recorded in Creek county, had the effect of chilling the bids and of rendering the guardian's deed void on this collateral attack. There is no evidence that any one was prevented from bidding at the sale. There is no evidence of the chilling of bids unless it can be said that the fact that two such instruments existed, under the circumstances as stated, would constitute it. This court has held to the contrary. See Johnson v. Thornburgh, 124 Okla. 123, 254 P. 53. Furthermore, there being no evidence of fraud in this guardian's sale the question of the adequacy of consideration was, on collateral attack, concluded by confirmation of the sale. Scott v. Gypsy Oil Co., 112 Okla. 13, 239 P. 887.

Plaintiff next contends that the guardian's sale was void because proper notice thereof was not given. The county court found in its order confirming the sale that all proper notices were given. This finding is conclusive in this cause. Sharp v. Whiney, 170 Okla. 105, 39 P. (2d) 54.

Plaintiff contends that the guardian's sale of the land did not bring 90 per cent. of the appraised value at a private sale by the guardian. He further argues that the oil and gas leases made to Siegfried were void but he does not point out any facts upon which to base such allegations. These contentions are without merit.

The judgment of the trial court is sustained by the record.

Affirmed.

The Supreme Court acknowledges the aid of District Judge Clarence Miles, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS. CORN, and GIBSON, JJ., concur.