BIGGS v. FEDERAL LAND BANK OF WICHITA, KAN., et al.

*95 P. 2d 902.*

No. 28378.   Sept. 26, 1939.

Rehearing Denied Nov. 7, 1939.

Application for Leave to File Second Petition for Rehearing Denied Nov. 28, 1939.

George W. Oliphant and Kleinschmidt & Johnson, for plaintiff in error.

W. E. Pepperell, J. P. Flinn, and Turner & Lucas, for defendants in error.

OSBORN, J.   This is an appeal by A. A. Biggs, plaintiff in the lower court, from a judgment of the district court of Hughes county rendered in favor of the defendants below, the Federal Land Bank of Wichita, Kan., a corporation, and Ernest Kiker, upon their separate demurrers to the plaintiff's evidence. Plaintiff's original petition set forth two causes of action. In the first cause of action plaintiff alleged that he had entered

into an oral contract with said bank to purchase certain farm property located in Hughes county, and that said bank not only refused to convey said property to the plaintiff in accordance with the oral agreement, but has entered into another contract to sell the property to the defendant, Ernest Kiker. In the second cause of action, as alternative relief, if specific performance was denied, plaintiff alleged that he had made certain permanent improvements upon the premises at the request and as the agent of the defendant bank and prayed for judgment against it for the money and labor expended in making said improvements. Subsequently the trial court sustained the defendant bank's motion to force plaintiff to elect between the two causes of action, and pursuant to such order the plaintiff filed his second amended petition electing to rely upon his cause of action for specific performance. Plaintiff therein alleged, however, that the improvements were made upon the premises in reliance upon the promise of an alleged agent of the bank that if such improvements were made the agent would recommend that plaintiff be allowed to purchase said premises.

The defendant bank answered denying that any of the parties referred to in plaintiff's petition were agents of said bank, and further denying that any contract either written or oral was ever entered into between the plaintiff and defendant bank or that plaintiff was ever granted an option to purchase said property. The bank, by way of cross-petition, prayed for judgment against the plaintiff for the reasonable rental value of the farm from the date of the expiration of the 1936 agricultural lease and that plaintiff be ejected from said premises. The defendant Ernest Kiker likewise by separate answer generally denied plaintiff's allegations, alleged that he had a written contract of purchase entered into with said bank dated September 10, 1936, and prayed that he have possession of said premises in accordance with the terms of said contract.

Upon these principal pleadings the cause was tried to the court without a jury. The evidence for the plaintiff consisted of his own testimony and that of his son. The plaintiff stated that he had previously owned the farm property in question, but some years prior had executed a mortgage thereon to defendant bank, and the mortgage had been foreclosed upon plaintiff's default. The property was purchased by the bank at the sheriff's sale and said sale was confirmed in 1935. Before confirmation of the sale the plaintiff went to Wichita, Kan., headquarters of the defendant bank, and talked to the person in charge of the delinquent loans and stated that he was told to stay on the place and the bank would send a man down to see what could be done about the plaintiff repurchasing the property. After the bank acquired title the plaintiff leased the premises under an agricultural lease for the remainder of 1935 and renewed the lease for the year 1936. The plaintiff testified at great length about conversations he had with various persons alleged to be the agents of said bank, but we do not deem it necessary to set forth in detail these conversations. We have read the record with care, and it appears that plaintiff claimed to have entered into an oral agreement with Mr. Samuels, an alleged agent of the bank, to purchase the premises for $5,000. The plaintiff stated that it was agreed he should pay $1,000 down when the crops were harvested for the year 1935 and the balance of $4,000 payable according to the bank's regular loan plan. There was a crop failure, and the plaintiff could not make the down payment. Subsequently the 1936 lease was executed and plaintiff remained in possession. Plaintiff states that in 1936 he asked a Mr. Berney, who was an agent of the bank according to plaintiff, if the bank would renew the offer referred to above and Mr. Berney said the bank would if he recommended it, and he would recommend it if plaintiff wished, and that in the meantime plaintiff should see about a lease for the year 1937. The 1937 lease was never executed for the reason that in September, 1936, the contract with defendant Kiker was

executed by the bank. It is clear therefrom that the bank did not consider the plaintiff as occupying the premises under an agreement to purchase.

The plaintiff's son testified that he heard the said Mr. Berney tell the plaintiff that the bank would give the plaintiff the first chance to purchase the farm when the bank decided to dispose of it. Upon the conclusion of the above evidence in behalf of the plaintiff, the trial court sustained the separate demurrers of the defendants to plaintiff's evidence, denying specific performance of the alleged oral contract, and upon the introduction of the 1936 lease in evidence by the defendant bank, rendered judgment in behalf of the bank upon its cross-petition, finding that the plaintiff was liable to the bank for a certain sum as rent for the premises since the expiration of the 1936 lease and that the plaintiff should surrender possession thereof to the bank.

The first assignment of error by the plaintiff which we shall consider is that the trial court erred in sustaining the separate demurrers to the plaintiff's evidence. This contention is predicated upon the theory that the proper rule by which to test a demurrer to the evidence in a case of this nature is that all the facts which the plaintiff's evidence in the slightest degree tends to prove and all inferences and conclusions which may be reasonably and logically drawn therefrom are admitted as true for the purposes of the demurrer. But that test is not applicable to the demurrer to the evidence in the case at bar, since it is well established that in a case of equitable cognizance a demurrer to the plaintiff's evidence will be treated as a motion for judgment in favor of the defendant, and the trial court shall then weigh the evidence, as it did herein, and render judgment accordingly rather than merely determining whether, under the rule contended for by the plaintiff herein, the plaintiff has established a prima facie case. Inasmuch as the trial court must, in a case of equitable cognizance, weigh the plaintiff's evidence at some time and determine the sufficiency thereof, if that evidence be insufficient at the conclusion of the plaintiff's evidence, there is no logical reason for requiring the defendant to prove a defense to the alleged cause of action which the plaintiff failed to establish. Considering the demurrer herein as a motion for judgment in favor of the defendants, the judgment of the trial court thereon will not be reversed on appeal to this court unless such judgment is against the clear weight of the evidence. Penny v. Vose, 108 Okla. 103, 234 P. 610; Winans v. Harn, 136 Okla. 5, 275 P. 618; Connelly v. Gaffaney, 159 Okla. 60, 14 P. 2d 391; Luster v. First Nat. Bank, 111 Okla. 168, 239 P. 128; Lincoln v. Tidewater Oil Co., 177 Okla. 270, 58 P. 2d 320; Davis v. Wallace, 169 Okla. 497, 37 P. 2d 602.

After carefully considering all the plaintiff's evidence, we cannot say that the judgment of the trial court denying specific performance of the alleged oral contract to purchase is against the clear weight of the evidence.

It is further contended that the trial court erred in excluding certain testimony of the plaintiff regarding the oral contract plaintiff maintains he entered into with Mr. Samuels as agent for the bank. This assignment is without merit for the reason that subsequent to the exclusion of this testimony the plaintiff was permitted to testify in detail and apparently as fully as he desired regarding his agreement, and the terms thereof, with said Mr. Samuels to purchase the premises. This testimony was given by the plaintiff as he related his conversations with another alleged agent of the defendant bank, a Mr. Berney. Plaintiff stated that he did not make the down payment of $1,000 as required by the terms of the contract made with Samuels and was endeavoring to arrange for a renewal of that contract with Mr. Berney as heretofore discussed.

It is not necessary that we pass upon the assignments of error relating to plaintiff's right to recover judgment against the bank for the permanent improvements made by plaintiff upon the

premises, since any right which the plaintiff may have thereto may be enforced under the Occupying Claimant Act, 12 Okla. St. Ann. §§ 1481-1487, secs. 742-748, O. S. 1931, in the trial court when it has received the mandate of this court herein. State ex rel. Goldsborough v. Huston, 28 Okla. 718, 116 P. 161; Walcott v. Smith, 33 Okla. 249, 124 P. 970; Standifer v. Morris, 25 Okla. 802, 108 P. 413; Harper v. Stumpff, 84 Okla. 187, 203 P. 194.

Judgment of the lower court is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.