FEAGIN v. CHAMPION.

No. 31393. Oct. 31, 1944.

Rehearing Denied Feb. 6, 1945.

*155 P. 2d 518.*

Benjamin C. Conner and J. M. Winters, Jr., both of Tulsa, for plaintiff in error.

Champion & Fischl, of Ardmore, for defendant in error.

PER CURIAM. This action was instituted on March 18, 1938, by N. B. Feagin, hereinafter referred to as plaintiff, against Thomas W. Champion, hereinafter referred to as defendant, to obtain dissolution of alleged joint adventures and an accounting and to recover moneys advanced in connection with said transactions.

Plaintiff in his petition alleged, in substance, that on January 2, 1926, he· and defendant had orally agreed to acquire joint oil properties and interest therein; that in pursuance of said agreement he and said defendant had purchased undivided interests in certain oil and gas leases known as the Harris and Gladney leases and in a royalty interest known as the Armstrong royalty; that plaintiff had advanced the money to pay for the interests of defendant in said properties and had subsequently executed his note to a bank for the money so expended. Plaintiff had not completed payment of said note until March, 1936. Plaintiff further pleaded that defendant had agreed to reimburse him for expenditures so made, and that the leases had long since expired or had otherwise proved worthless, and that the royalty was still held by the defendant in his name, and that plaintiff was entitled to a dissolution of the agreement and an accounting and repayment of the money advanced. The defendant in his answer, after a general denial, admitted the oral agreement to acquire interests in oil properties and that the parties had acquired the interests mentioned in the properties described in the petition of plaintiff and in others not therein mentioned; pleaded an offset arising out of one of the transactions,

and pleaded the statute of limitations in bar of the claim for reimbursement on the other transactions.

The court impaneled a jury over the objection and exception of the plaintiff and trial was begun thereto, but at the conclusion of plaintiff's evidence the court withdrew the cause from the jury, sustained the plea of statute of limitations to all except one item of royalty, and entered a judgment in favor of plaintiff for one-half interest therein together with $10 rentals, all of which had been tendered to the plaintiff by the defendant. The plaintiff appeals from the judgment so entered and as grounds for reversal urges three propositions, which are, in substance: (1) That he and defendant were partners, and therefore the statute of limitations did not run until there had been a settlement of the partnership affairs; (2) that where title to partnership property is in the name of a third person, statements of said party are admissible in evidence in an action between the partners for an accounting; (3) that in an action of equitable cognizance this court will review the evidence and render or cause to be rendered such judgment as the trial court should have rendered.

The contentions of the plaintiff are based upon the assumption that his proof established a joint adventure relation in the transaction involved and that the law of partnership should be applied thereto. The evidence of plaintiff disclosed that he and defendant had agreed in January, 1926, to purchase undivided interests in oil properties, and that in pursuance of said agreement plaintiff had purchased certain leases and had advanced the money therefor, and that defendant had likewise purchased an interest in a lease and advanced the money therefor; that the interests of plaintiff and defendant in said properties were undivided interests, and that in January, 1926, defendant had submitted to the plaintiff a written statement of the respective interests which the parties had

in the properties acquired by them and the amount which each owed to the other thereon, and that this had been acknowledged by plaintiff in writing on February 1, 1926, as being correct with the exception of one item in which the amount due from the defendant to the plaintiff was stated to be less than that which defendant named in his letter. The evidence further disclosed that the leases involved had expired or otherwise become valueless in 1929 and 1930, and that a portion of the royalties had been sold and payment of plaintiff's interest made by a third party who held title thereto long prior to the institution of the present action, and that there remained only a fractional interest in the royalty which defendant contended he had conveyed at the request of a son of plaintiff to the Bardon Oil Company but which deed has not been placed of record and which defendant tendered to plaintiff together with rentals which had been previously sent to plaintiff but not cashed by him.

A joint adventure is a special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or designation and its existence must be proven as any other fact. Coryell v. Marrs, 180 Okla. 394, 70 P. 2d 478; McKeel v. Mercer, 118 Okla. 66, 246 P. 619. An agreement to finance a scheme or operation does not constitute the lender a joint adventurer with the borrower, and this is true even where the profits resulting from the adventure are to be divided between the operator and the person advancing the money. 30 Am. Jur. 688, §23; McLean v. City State Bank of Mangum, 210 Fed. 21, 126 C. C. A. 601; National Surety Co. v. Winslow, 143 Minn. 66, 173 N. W. 181. The evidence of plaintiff disclosed merely an agreement between plaintiff and defendant to purchase undivided interests in properties and to reimburse each other for any moneys advanced by one for the other in connection with purchases so made. The evidence of plaintiff further disclosed that the parties agreed in writ-

ing on January 18 and February 1, 1926, as to the respective interests which each had in the properties theretofore acquired and the amount which each owed the other for advancement which had theretofore been made in connection therewith. This evidence destroyed the contention of the plaintiff that the transactions were joint adventures and established rather that they were tenants in common in the properties which they had acquired. When this was made apparent the trial court proceeded properly when it discharged the jury and rendered judgment on the evidence and the law applicable thereto. Lincoln v. Tidewater Oil Co., 177 Okla. 270, 58 P. 2d 320; Beverly Hills Nat. Bank & Trust Co. v. Martin, 185 Okla. 254, 91 P. 2d 94; **Biggs v. Federal Land Bank of Wichita,** 186 Okla. 99, 95 P. 2d 902; Bert Whiteis, **Inc., v. Motor Mortgage Co.,** 182 Okla. 384, 77 P. 2d 698.

We have carefully examined the record and cannot say therefrom that the judgment of the trial court is against the clear weight of the evidence. On the contrary, we are of the opinion that the judgment is in accordance therewith, and therefore the judgment of the trial court will be and the same is affirmed.

GIBSON, C. J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur. HURST, V. C. J., and OSBORN, JJ., dissent.