Isaac WARNER, Plaintiff in Error,

v.

Amos B. GREMORE, Defendant in Error.

No. 35966.

Supreme Court of Oklahoma.

Oct. 12, 1954.

Rehearing Denied Dec. 14, 1954.

J. T. Smith, Sapulpa, for plaintiff in error.

George H. Jennings, Sapulpa, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties herein will be referred to as they appeared in the trial court.

Plaintiff alleged that he and the defendant entered into an oral agreement to acquire oil and gas leases for a fixed time on certain described lands for the purpose of promoting test wells thereon. They allegedly agreed to share the expenses and cost of acreage and split the profits. The defendant answered by general denial and the equitable cause proceeded to trial. Plaintiff adduced his evidence to which defendant interposed a demurrer. The demurrer (which was considered as a mo-

tion for judgment) was sustained on the grounds that the evidence did not sustain the plaintiff's allegations of alleged contract, or establish a joint adventure.

Motion for new trial was overruled, resulting in this appeal.

The parties herein agree, as indeed they must, that such alleged oral agreements or joint adventures, if supported by competent evidence, are valid, Catlett v. Jordan, 206 Okl. 473, 244 P.2d 564; but unless the record and evidence discloses that the judgment of the trial court is contrary to law or against the clear weight of the evidence, the judgment will be affirmed, Id., Biggs v. Federal Land Bank, 186 Okl. 99, 95 P.2d 902; notwithstanding plaintiff's contention that all of his evidence, together with all logical inferences that may be drawn therefrom, shall be considered as true, and all evidence favorable to demurrant shall be disregarded, which rule does not apply in cases of equitable cognizance, as in the instant case, Id.

The record herein poses but one material question, that is, is the trial court's judgment against the clear weight of the evidence?

That plaintiff and defendant entered into a joint adventure is not in dispute in this case, nor that the purpose of the adventure was to obtain a block of oil and gas leases and promote a test well thereon. The dispute between the parties is whether the Southeast Quarter was included in the joint adventure as claimed by plaintiff, or whether, as claimed by defendant, the tract was defendant's separate property and not included. Leases were procured on both the Southeast Quarter and the Northeast Quarter of Section Eighteen, Township Eighteen North, Range Nine East Creek County, Oklahoma, and a producing oil well was admittedly located on each tract.

Plaintiff does not claim that he personally contacted any of the lessors of the leases on the Southeast Quarter or that he personally handed any part of the $7 paid by defendant for all the leases on the Southeast Quarter to any lessor, but he does contend that the acts performed by the defendant

in connection with that tract were the acts of the plaintiff, just as the acts of the plaintiff in connection with the Northeast Quarter are acts of the defendant. More briefly stated, the acts of either, in connection with the joint adventure, were the acts of both.

Plaintiff's evidence supporting his claim that the Southeast Quarter was included in the joint adventure consists of the testimony of Isaac Warner for himself, W. B. Keys, County Clerk of Creek County, Carl W. Crites, and documentary exhibits.

Mr. Warner testified in substance that he had an agreement, or joint adventure, with defendant, Gremore, for obtaining oil and gas leases on the East Half of Sec. 18, Township 18 N, Range 9 E, Creek County, Oklahoma; that they were to share the profits, if any, on oil and gas leases that they obtained; that he acquired some of the leases on the Northeast Quarter, but that Mr. Gremore acquired the leases on the Southeast Quarter; that he and Mr. Carl W. Crites went to Mr. Gremore's home in Sapulpa to discuss the proposition of turning the acreage over to Mr. Crites for the purpose of drilling wells and that Mr. Crites later drilled two producing wells, one on the Northeast Quarter and one on the Southeast Quarter; that the defendant has, though requested to do so, failed and refused to pay or give him any of the benefits or profits derived from the Southeast Quarter asserting that this tract was his individually, which excluded plaintiff from participating in the profits therefrom.

Mr. Crites corroborated the plaintiff's testimony as to the visit to Mr. Gremore's home, and further testified that the nature of the transaction that he discussed with Mr. Gremore and Mr. Warner was the leasing of both the Northeast Quarter and the Southeast Quarter of Section Eighteen; that they discussed the terms of the lease and they agreed that he should have a lease on the payment of $500 and a ⅛₂ overriding royalty cost to him; that it was

the understanding that he was dealing with both parties on that basis.

Mr. Crites, testifying further, said:

"Q. Was that as to both leases, or was an additional amount required? A. An additional term was discussed for the Northeast Quarter.

"Q. What was the term that was discussed as to that? A. The same term of $500 and a ⅛₂ overriding royalty at that time.

"Q. Was there any discussion as to the division of the overriding royalty at that time? A. On the southeast quarter it was my understanding between the two men at that time, that Mr. Gremore was to receive the money."

The record discloses that assignments were made to Crites and payments were made by check to Mr. Gremore and Mr. Warner in substantially the terms of his testimony.

There is nothing in the documentary evidence, which includes leases, drilling agreements and assignments of leases that contradicts the uncontradicted oral testimony of the above witnesses and their evidence standing alone, exclusive of the admission of a joint adventure as to the Northeast Quarter, is sufficient to establish a joint adventure including the Southeast Quarter, as under the rule in this state, such agreements may be shown by parol evidence, Catlett v. Jordan, supra.

This is an action of equitable cognizance and we have examined the entire record and find that the court erroneously sustained the demurrer to plaintiff's evidence which demurrer was treated as a motion for judgment, and judgment was rendered accordingly.

The cause is reversed and remanded with directions to grant a new trial.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, and WILLIAMS, JJ., concur.