John E. HOFFMAN et al., Plaintiffs in Error,

v.

The CITY OF STILLWATER, Oklahoma, a municipal corporation, and Virgil Simpson, et al., Intervenors, Defendants in Error.

No. 42717.

Supreme Court of Oklahoma.

Nov. 25, 1969.

Fitzgerald, Houston & Worthington, Stillwater, for plaintiffs in error.

Daniel D. Draper, Jr., Stillwater, for defendant in error.

Robert M. Murphy, Stillwater, for intervenor Stockard.

Chilton Swank, Stillwater, for intervenor Simpson.

WILLIAMS, Justice:

Plaintiffs below, plaintiffs in error herein, have appealed to this Court from a declaratory judgment of the district court upholding the validity of an ordinance enacted by the Board of City Commissioners of the City of Stillwater which rezoned certain property located in that city.

The property rezoned by the ordinance challenged herein is located on the south side of West Sixth Avenue in the western edge of the City of Stillwater. West Sixth Avenue, which is also State Highway No. 51, runs east and west and is a four lane heavily traveled street. The tract, which consists of several lots, is bordered by Western Avenue on the west and has 140 feet of frontage on that street and 376 feet of frontage on West Sixth Avenue. In 1951, the property was annexed to the City of Stillwater and came into the city zoned for single family residences.

Surrounding the rezoned tract on the east, south and north are single family homes of the value of $25,000 to $40,000. There are restrictive covenants in effect on these residential lots which prohibit any commercial activity. Immediately to the west of the property, the land fronting West Sixth Avenue is zoned for commercial use and is presently being used for that purpose.

At the time the rezoning ordinance in question herein was enacted, the rezoned property was vacant and apparently had been since its annexation by the City in 1951. The land immediately adjoining the rezoned property to the south and to the east is also zoned for residential use and is vacant with the exception of a bulk oil storage plant to the south which was on the property at the time of its annexation

and zoning and is operated as a non-conforming use.

In 1962, the City of Stillwater enacted its Ordinance No. 1044 which was a comprehensive zoning plan for the City. This ordinance maintained residential zoning for the property involved herein. Sometime subsequent to the enactment of that ordinance, the owners of the various lots comprising the tract herein involved sought to have it rezoned but this request was denied by the Board of Commissioners. On appeal, this Court upheld the decision of the Board. See Preston v. City of Stillwater, Okl., 428 P.2d 215.

In 1967, the Metropolitan Area Planning Commission, a joint city-county planning commission formed under the provisions of 19 O.S.1961, § 866.1 et seq., recommended, by a vote of 6–1, to the Board of Commissioners that the zoning of the property involved herein be changed from single family residence (classification R–1) to local commercial (C–1). Pursuant to 11 O.S. 1968 Supp. § 404, the recommendation of the Metropolitan Area Planning Commission was considered by the Board at a public hearing held on March 20, 1967. At the public hearing, the Board of Commissioners heard evidence and arguments from both proponents of and protestants to the proposed rezoning. The protestants, most of whom were owners of residences in the area surrounding the property, introduced a protest purportedly signed by owners of 20% or more of the lots immediately abutting either side of the property for which rezoning was sought. Protestants also filed a request for the disqualification of Commissioner B. K. Shaw as a voting member of the Board of Commissioners on the ground he had a personal interest in the matter. As one of its five members was absent, the Board, after receiving the protest, voted to continue the public hearing on the proposed zoning change to the next regular meeting or until all members were present. Protestants objected to this continuance.

At the next regular meeting of the Board, all members were present and the hearing on the proposed zoning change was reconvened over the objections of protestants. The City Attorney reported to the Board that protestants' petition had the requisite number of signatures, i.e., at least 20% of the abutting landowners as required by 11 O.S.1961, § 405, and the Board recognized the petition as sufficient. Although given the opportunity, protestants did not re-present their arguments to the Commissioner who had been absent from the previous meeting and the proposed zoning amendment proceeded to a vote. On roll call, Commissioner Shaw, who did not disqualify, and three other Commissioners, one of whom was the Commissioner absent at the previous meeting, voted "aye" on Ordinance No. 1205 changing the zoning of the property in question herein from single family residence to local commercial, while the fifth member of the Board voted "nay".

Thereafter, plaintiffs, who were some of the landowners surrounding the rezoned property, filed a declaratory judgment action naming the City of Stillwater as defendant and seeking a determination that Ordinance No. 1205 was invalid. In their petition, plaintiffs alleged the ordinance was invalid on the grounds that there was no substantial evidence to support the change in zoning; that the Board could not enact the ordinance at the next regular meeting subsequent to the one for which the required public notice had been given of the consideration of the proposed ordinance; that Commissioner Shaw's personal and business relationships with one of the owners of the rezoned property required his disqualification; that the commissioner absent from the original meeting at which the ordinance was initially considered should not have been allowed to participate in the vote on the ordinance at a subsequent meeting; that the ordinance constituted spot zoning and was arbitrary and unreasonable; and, that the ordinance is contrary to the purposes and uses set forth in the comprehensive zoning plan previously enacted by the City of Stillwater.

Thereafter, the various owners of the rezoned property were allowed to intervene by the trial court.

At trial, plaintiffs introduced evidence relative to the character and use of the rezoned property, the history of the zoning applicable to it and the property surrounding it, and the proceedings before the Board in its consideration and eventual passage of the ordinance, all as outlined above. In addition, other evidence was offered by plaintiffs.

The chief of police, City of Stillwater, testified that if the property in question were developed for commercial purposes, the traffic hazards on heavily traveled West Sixth Avenue would increase unless arrangements and improvements were made to accommodate the increased traffic.

The city planner for the City of Stillwater testified that after an investigation, which took into consideration the nature of the character of the surrounding properties and the purposes of the comprehensive zoning plan, it was his opinion the property involved herein should be zoned for multi-family residential use, rather than for commercial use. He further testified that he made such recommendation to the Metropolitan Area Planning Commission prior to that body's adoption of its recommendation to the Board of Commissioners that the property be rezoned for local commercial use.

Various owners of the residential property surrounding the rezoned tract testified, in summary, that when they purchased their homes they had relied on the residential zoning then applicable to the tract and had it been zoned commercial at the times of their purchases, they either would not have purchased their homes or would not have paid the prices they did.

Plaintiffs also introduced evidence which they contend required Commissioner Shaw's disqualification. There is little, if any, dispute as to this evidence and it can be briefly summarized. Shaw is the exclusive distributor, in the territory in which Stillwater is located, of products of a major oil company. One of the owners of the rezoned property, a Mr. Simpson, an intervenor below and a defendant in error here, owns and operates a retail gasoline station selling such products in another area and thus purchases these from Shaw and has since 1954. In addition, Simpson owns a lot, adjoining the rezoned property, on which the above-mentioned bulk oil plant is located. This plant has been used since 1958 by Shaw for storage of some of his products. Shaw apparently uses the plant rent-free but has made some improvements which he stated have become the property of Simpson, with title to improvements to revert to himself in event of his removal. Shaw testified that he did not believe that his personal or business relationship with Simpson influenced his decision, but admitted that if he had voted against the rezoning their business relationship might have been adversely affected, although this would have depended on Simpson.

At the conclusion of plaintiffs' evidence, the trial court entered its judgment sustaining defendant's and intervenors' demurrer thereto. From this judgment and an order overruling their motion for new trial, plaintiffs appeal.

For reversal, plaintiffs present five propositions. As these overlap in several areas, they will be combined wherever possible.

Plaintiffs contend that the trial court erred in sustaining the demurrer to their evidence, alleging such evidence to be sufficient to establish that the rezoning of this particular tract under the circumstances involved was arbitrary and unreasonable. To support this contention, plaintiffs maintain that a trial court, in passing upon a defendant's demurrer to the evidence, cannot weigh the evidence but is required to consider only that evidence most favorable to a plaintiff. This is the rule correctly to be applied in cases of legal cognizance. Wilson v. Chicago, Rock Island & Pacific Railroad Co., Okl., 429 P.2d 763. However, in cases of equitable cog-

nizance, a demurrer to plaintiffs' evidence will be treated as a motion for judgment, and when passing upon such demurrer, a trial court should consider and weigh all the evidence submitted and determine in which of the parties' favor it preponderates. Biggs v. Federal Land Bank of Wichita, 186 Okl. 99, 95 P.2d 902; and, see Henderson v. Gifford, Okl., 318 P.2d 404.

In our opinion, a suit for declaratory judgment is neither strictly legal nor equitable in nature. See Borchard, Declaratory Judgments, Second Edition, pp. 237–240, 277; 26 C.J.S. Declaratory Judgments § 105, p. 234. Therefore, neither of the above quoted rules relative to demurrers to the evidence is necessarily applicable here and we must determine from the nature of the particular cause of action involved herein the rule the lower court should have applied in passing upon the demurrer to the evidence.

When the validity of a municipal zoning ordinance is challenged, it is the duty of the court to determine whether the passage of such ordinance is an arbitrary, unreasonable and capricious exercise of police power. Oklahoma City v. Barclay, Okl., 359 P.2d 237. This determination is made by applying the so-called "fairly debatable" rule, which requires a court to uphold the ordinance if the question of the type of zoning is fairly debatable from the basic physical facts involved.

In our view, a proper application of the fairly debatable rule requires a trial court, even when passing upon a demurrer to the evidence, to consider and weigh all the evidence submitted. If plaintiff's evidence, standing alone, establishes that the reasonableness of the zoning classification is fairly debatable, the ordinance should be upheld. To hold otherwise and require the trial court to restrict its consideration to that evidence most favorable to plaintiff would only result in additional litigation in those cases where it is clear from plaintiff's evidence that the reasonableness of the zoning classification is fairly debatable

and that the ordinance eventually should be upheld.

In the instant case, the rezoned tract is in a transitional area. For some distance immediately to the west, the properties are zoned commercial and are presently being used for that purpose. The property surrounding the tract on the three other sides as has been noted is residential in nature. The street on which the tract fronts is a heavily traveled one. Although such tract was zoned single-family residential, plaintiffs' evidence may well be said to have demonstrated to the trial court that the evidence and arguments in turn presented to the City Commissioners for their determination a question calling for a decision on a fairly debatable issue (i.e. whether under all the facts and circumstances before them the tract should remain zoned single-family residential or be changed to commercial-1 as requested by intervenors). From all these basic physical facts, it is our opinion that the decision of the trial court that the reasonableness of the Board of Commissioners' action in rezoning the tract for commercial use, rather than for multi-family residential use as suggested by plaintiffs' evidence, is fairly debatable. In such cases, a trial court cannot substitute its judgment for that of the legislative body and the latter's decision must be upheld. Oklahoma City v. Barclay, supra.

Plaintiffs also contend, citing, inter alia, Aldom v. Borough of Roseland, 42 N.J.Super. 495, 127 A.2d 190, that Commissioner Shaw had a personal interest (described earlier herein) in the tract and should have disqualified in the consideration and passage of the ordinance. However, this Court has previously held that the motives of a member of a city commission in voting on an ordinance cannot be inquired into for the purpose of determining the validity of the ordinance. See Finklestein v. City of Sapulpa, 106 Okl. 297, 234 P. 187; and, Baxley v. City of Frederick, 133 Okl. 84, 271 P. 257.

Lastly, plaintiffs contend that the ordinance was invalidly enacted as the vote for passage was taken at a meeting subsequent to the one for which notice had been given of the consideration of the ordinance and as a member absent at the first meeting participated in the vote at the second meeting. It should be noted that one of the reasons for postponement of the consideration of the ordinance at the first meeting was to enable the Board to check the sufficiency of signatures on a protest filed at that time. It is clear that the protestants to the ordinance, some of whom were plaintiffs herein, were present at the second meeting and were offered an opportunity to represent their views. This they declined to do. In view of these facts, we find that this contention lacks merit.

The judgment of the trial court is affirmed.

All the Justices concur.