# NORTHERN DEPARTMENT.
## WESTERN DIVISION.

S. H. H. CLARK et al., Receivérs of the Union Pacific Railway Company, v. WILLIAM FORD.

### No. 127.

1. AMOUNT IN CONTROVERSY—*Attorney's Fee.* The attorney's fee allowed by a jury in an action against a railroad company for damages for killing stock is a part of the amount in controversy therein.

2. APPELLATE PROCEDURE—*Extension of Time—Notice.* The law does not require a notice to be served upon the opposite party of an application for an extension of time in which to make and serve a case for review in the appellate courts.

3. EVIDENCE—*Market Value—Knowledge of Witness.* It is error to allow a witness to testify to the value of an animal when it has not been shown that he was acquainted with the value of such animals in that vicinity.

4. INSTRUCTIONS—*Value—Common Knowledge of Jurors.* It is error for a court to instruct a jury that in arriving at a verdict they may take into consideration such knowledge of the value of this class of property as is common to all of them.

Error from Rooks district court ; CHARLES W. SMITH, judge.  Opinion filed January 10, 1898.  Reversed.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiffs in error.

*W. A. Fallas,* and *W. B. Ham,* for defendant in error.

The opinion of the court was delivered by

WELLS, J : On November 15, 1895, William Ford brought an action in the Rooks county district court against the Union Pacific Railway Company to recover

Clark v. Ford.

$250 as damages for killing a jack.   Subsequently the plaintiffs in error were made parties by an amended petition.   The issues were duly made up and the case tried to a jury and the court.   The jury returned a verdict for ninety dollars damages and thirty-five dollars as attorney's fee, in favor of the plaintiff.   This verdict was approved by the court and a judgment rendered thereon, and the case brought here for review.

We are first presented with a motion to dismiss the petition in error because it does not appear that the amount in controversy, exclusive of costs, exceeds $100.   This raises the question, Is the attorney's fee allowed the plaintiff in such cases costs, in contemplation of the statutes fixing the jurisdiction of the supreme and appellate courts?  Paragraph 1253 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 10, § 24) provides that the owner may sue and recover "the full value of such animal or damages thereto, together with a reasonable attorney's fee for the prosecution of the suit, and all costs."   This does not class the attorney's fees as costs, but it is a part of the damages sustained by the plaintiff and is in the nature of a penalty.   In *K. P. Rly. Co. v. Mower*, 16 Kan. 582, Brewer, J., in the opinion, compares it to a case of double or treble damages ; and surely in an action for double or treble damages it would not be contended that the actual damages allowed would be the basis upon which the jurisdiction of this court would depend.

The defendant in error also claims that the proceedings should be dismissed because the time to make a case was extended without notice to him.   The law does not require notice of the application to have the time extended, nor a formal motion for that purpose.

Paragraph 4650 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 95, § 590) says :

"The court or judge may, upon good cause shown, extend the time for making a case and the time within which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same has been made and served, and amendments suggested, which when made and presented shall be settled, certified and signed by the judge who tried the cause. . . ."

The motion to dismiss will be overruled.

The first error complained of by the plaintiff in error is in allowing the plaintiff below to testify to the value of this jack after he had stated that he was not acquainted with the value of jacks in the county where this animal was injured. After he had answered that he was not acquainted with the value of jacks in Rooks county, the court explained to him as follows : "The value would be the market value, what it would sell for in that neighborhood at that time," and the witness again answered that he was not acquainted with their value. The meaning of the question was again explained to him by the court, and his attorney further explained, as follows : " The reasonable value if put upon the market; he probably knows by receiving offers made for it." After some further explanations and objections, Mr. Ham, the plaintiff's attorney, informed him : " It should be confined to this particular jack"; and Mr. Fallas, his other attorney, made this explanation : " I take it about this way, if a man wanted to buy it, and the man that owned it wanted to sell it, what it would be reasonably worth," and then asked this question : " Were you acquainted with the market value of this particular jack at the time he was struck and injured,

Clark v. Ford.

at the place he was struck and injured—were you acquainted with the market value of this particular jack at that time?'' And he was allowed to answer '' Yes '' and state that it was $200.

The fifth assignment of error was in refusing to strike out this testimony.

The plaintiff in this case, if entitled to recover, was entitled to the actual value of the animal at the time and place of the injury, and this should be proven, first, by the market value of like animals at that time and place ; and if the evidence showed that there was no market value at that place, then it would be proper to prove the market value at the nearest point at which such animal had a market value.  Hale on Damages, pp. 178, 179.

The eleventh and twelfth errors alleged concern the admission in evidence of two certain letters purporting to have been written by R. W. Jenkins, division claim agent, without proof that they were written by the person whose signature they purported to bear. The general rule is, that anything offered in evidence must be proven to be genuine before it is admitted. In case of letters received in reply to others proven to have been sent to the party, the letter thus received was admitted without proof of the handwriting of the ostensible writer.  In relation to the first letter objected to, Mr. Fallas testified that he received it in answer to a letter he wrote to R. W. Jenkins ; but as to how the letters were exchanged the record is silent, except that the second one was received by due course of mail.  We can easily suppose that a principal reason for the rule is the general inviolability of the government mails, and the presumption that a certain letter put into the mails would be delivered only to the party addressed, and that a letter

received by the writer of the first letter, appearing to be an answer, could safely be assumed to be genuine. The letters referred to do not come within this rule, and the admission of the second letter is clearly erroneous, for the reason that no showing is made as to how the letters were exchanged. We are referred by the defendant in error to the case of *Xenia Bank v. Stewart*, 114 U. S. 224, as authority on this subject, but this question was not in that case. From the record in that case, we can safely assume that the signature of the writer of the letter therein was duly proven, as the only objection there was upon the grounds "that it was but a fragment of a correspondence; that there was nothing to show that it was written for the bank; and that it was only a letter from McClure, and not from him as cashier."

The concluding portion of the third instruction given by the court to the jury is as follows:

"You may take into consideration all the evidence given on the question of value, and such knowledge of the matter of value of this class of property as is common to all of you, keeping in mind that it is the market value that you must find."

This is erroneous. A juryman can use the knowledge and experience which he possesses in common with the generality of mankind; but it is the common knowledge of mankind which he may use, and not the knowledge common to the jurors. In *Craver v. Hornburg*, 26 Kan. 94, BREWER, J., says:

"A jury has a right to avail itself of such general knowledge as all men possess, but not to resort to any knowledge derived from employment in any kind of business. Supposing this jury were all composed of machinists, they are not to be guided by their knowledge of machinery — a knowledge which only they who are engaged in such occupation possess — but by

the testimony offered before them ; and that which is true of the jury as a whole is also true as to each individual member thereof. He may not testify to the others. It is true the court speaks of general knowledge, but it limited this general knowledge to that acquired by persons in any particular line of business. This is liable to misconstruction, and might in some cases mislead the jury.''

See, also, *Missouri River Co. v. Richards*, 8 Kan. 101, and *Waite v. Teeters*, 36 id. 604.

The other allegations of error are quite numerous, and as the errors already reviewed make a new trial necessary we do not think it best to take the time necessary to thoroughly examine each of the assignments.

The judgment of the district court will be reversed and a new trial ordered.