## WINTERMUTE et al. v. STATE ex rel. ATTORNEY GENERAL.

No. 21455. Opinion Filed Nov. 29, 1932.

A. G. Morrison & Sons, for plaintiffs in error.

J. Berry King, Atty. Gen., and R. D. Crowe, Asst. Atty. Gen., for defendant in error.

HEFNER, J. This was an action instituted in the district court of Canadian county by the state of Oklahoma ex rel. the Attorney General, against Clarence G. Wintermute and others, to condemn a right of way across their land for highway purposes. Commissioners were duly appointed, who fixed the damage in the sum of $2,000. Both plaintiff and defendants excepted to the appraisement and demanded a jury trial. The jury returned a verdict in favor of defendants for the sum of $2,640.68. Judgment was duly entered in their favor on the verdict. Defendants have brought the case here for review, and say that the court committed error in submitting the fifth paragraph of its instruction to the jury. We have examined it, and do not think the court committed reversible error in giving it.

As a general rule, a jury should not be advised that, in arriving at their verdict, they may consider such knowledge as they may possess relative to the matters at issue and about which testimony has been given. They may properly be informed that, in weighing the evidence and arriving at the verdict, they may take into consideration and apply such knowledge as mankind in general possesses, but they should not be advised that they may take into consideration such knowledge as they, as individual jurors, may have acquired through experience and observation. Clark v. Ford (Kan.) 51 P. 938; Burrows v. Delta Trans. Co. (Mich.) 29 L. R. A. 468; Bowman v. Am. Car & Foundry Co. (Mo.) 125 S. W. 1120.

It has, however, been frequently held that an instruction, such as the one here involved, may properly be given to the jury in advising them as to the weight to be given by them to expert and opinion evidence.

In the case of Beveridge v. Lewis (Cal.) 67 P. 1040, it is held:

"An instruction that the jury, in estimating damages to land taken, 'are permitted to exercise, in weighing the evidence, their individual judgment as to values on subjects within their knowledge which they have acquired through experience and observation,' was not erroneous."

In discussing the instruction, the court further said:

"Although this instruction seems, at first blush, to be somewhat questionable, yet it does not go as far as appellant claims. It is not an instruction that the jury may shut their eyes to the evidence before them, and decide the case according to their own notions. It, in effect, merely tells them that 'in weighing the evidence,' they may do, what jurors always do—exercise their judgment in the light of their own general knowledge of the subject about which evidence has been introduced. This statement has been frequently sanctioned by courts. * * * In Patterson v. City of Boston, 20 Pick. 159, Chief Justice Shaw said: 'Jurors would be very little fit for the high and responsible office to which they are called, especially to make an appraisement, which depends on knowledge and experience, if they might not avail themselves of these powers of the mind when they are most necessary to the performance of their duties.' And Justice Field, in delivering the opinion of the United States Supreme Court, in Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028, said that jurors 'may, and to act intelligently must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry.' See, also, City of Kansas City v. Butterfield, 89 Mo. 646, 1 S. W. 831. Moreover, the evidence in the case at bar as to values was, substantially, all opinion evidence; and as to that kind of evidence the rule stated in the instruction is beyond all doubt correct. * * *"

In C., K. & W. Ry. Co. v. Drake (Kan.) 26 P. 1039, the following rule is announced in the syllabus:

"In an action to determine the value of certain town lots condemned for the right of way of a railroad, the opinions of witnesses, as to the value of the lots at the time they were condemned, will not be deemed conclusive, but the jury may consider such opinions in connection with all the other testimony in the case, and then, for itself, determine from all the testimony the value of such lots."

In that case, as in the case at bar, the amount awarded as damages was not within any of the evidence given by the expert witnesses. It was there contended that for this reason there was no competent evidence to support the verdict. The court, in discussing this question, said:

"The jury is to decide what weight, if any, shall be given to the opinions or evidence of an expert, or to the opinion of a nonprofessional witness. They are not bound by such evidence, and may exercise their own experience in deciding the question touching which the opinions were given."

To the same effect are the following authorities: St. L. O. H. & C. Ry. Co. v. Fowler, 142 Mo. 670; Green v. City of Chicago, 97 Ill. 370; Hoyt v. C., M. & St. P. Ry Co., 117 Iowa, 296. Under these authorities, there was no reversible error in giving the instruction.

The judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.