**JENSEN et al. v. STATE ex rel. KING, Atty. Gen.**

No. 21622.   Sept. 12, 1933.

Withdrawn, Corrected, and Refiled Oct. 3, 1933.

J. A. Rinehart, for plaintiffs in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for defendant in error.

ANDREWS, J. The defendant in error, as plaintiff, filed a petition in the district court of Canadian county against the plaintiffs in error, as defendants, in which it sought a judgment of condemnation for a right of way for highway purposes through the farm of the defendants. The commissioners appointed to view the premises and to assess the damages fixed the amount thereof at $2,500. The plaintiff was dissatisfied with the finding, and filed a demand for a trial by jury. The trial had resulted in a verdict against the plaintiff and in favor of the defendants in the sum of $2,100. It appearing to the trial court that the plaintiff had deposited the sum of $2,500 with the court clerk for the benefit of the defendants, and that the defendants had withdrawn the same, the trial court rendered judgment in favor of the plaintiff and against the defendants in the sum of $400. From that judgment the defendants appealed. The only assignment of error presented by the defendants in their brief is the giving of instruction No. 4.

The record shows a failure to conform to the provisions of section 360, O. S. 1931. The requirements of that section are mandatory. Scott v. Scott, 129 Okla. 176, 264 P. 159, and Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985. Since there were no exceptions saved to the instructions given, this court will refuse to consider the alleged error in the giving thereof. Commercial Investment Trust v. Ferguson, 96 Okla. 163, 220 P. 925, and Finch v. Brown, 27 Okla. 217, 111 P. 391.

In view of these well established rules, we do not think it necessary to comment on the assignment of error in the motion for new trial and in the petition in error further than to say that it was insufficient under the rule stated in Urie v. Board of Education, 86 Okla. 265, 208 P. 210.

We desire to state, however, that a similar instruction was sustained by this court in Wintermute v. State ex rel. Attorney General, 160 Okla. 192, 16 P. (2d) 557.

Finding no reversible error, the judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.