### LOUIS BERKMAN CO. v. UNGER METALS CORPORATION.

No. 29948.    Jan. 20, 1942.

*121 P. 2d 606.*

Allen H. Berkman, of Pittsburgh, Pa., and Nathan A. Gibson, Jr., and Fred Bullard, both of Muskogee, for plaintiff in error.

Joseph C. Stone and Charles A. Moon, both of Muskogee, for defendant in error.

RILEY, J.    This is an appeal from a verdict and judgment denying recovery by plaintiff in an action to recover for the alleged breach of two contracts for the purchase of personal property.

On August 15, 1936, plaintiff and defendant entered into a written agreement whereby defendant, Unger Metals Corporation, therein called the seller, agreed to sell, and plaintiff, the Louis Berkman Company, therein called the buyer, agreed to buy five carloads of heavy milling steel, three carloads to be No. 2 steel and two carloads to be No. 1 unprepared steel, to be delivered within 30 days, with rights of buyer to order shipment at any time within said 30 days.

On September 5, 1936, a similar agreement was entered into calling for the sale and delivery of 200 gross tons No. 2 heavy melting steel, at $16.50 per gross ton, delivery to be within 60 days.

Both agreements provided that buyer reserved right to order shipment at any time within the delivery period, and if material was not shipped as ordered, buyer reserved right to cancel without further obligation, time to be regarded as the essence of the agreement. The first contract is numbered and referred to in the record as No. 712 F, and the other one as No. 522 F.

Plaintiff's amended petition set up separate causes of action. Under the first

cause of action, plaintiff alleged breach by failure to deliver two carloads of the No. 2 steel called for in contract 712 F; that the market price of such steel advanced $7 per ton, whereby plaintiff was damaged in the sum of $900.

Defendant filed its answer, wherein it admitted the corporate existence of both parties and execution of the contracts, and denied all other allegations in the petition. It further alleged that plaintiff gave several different orders for the material in contract No. 712 F, but changed same after defendant had shipped three cars of No. 2 steel; that plaintiff acquiesced in failure to make the shipments on time and requested delay in shipment thereof, whereby defendant was released from the obligation of said contract.

As to the second cause of action, defendant alleged that plaintiff never gave defendant any shipping order whatever within the 60-day period; that such orders as were given were changed, and that plaintiff itself requested delay of such shipments, whereby defendant was released from such contract.

Defendant filed its counter-action, wherein it is alleged that it was at all times, during the shipping period covered by contract No. 522 F, able, ready, and willing to make shipment as and when shipping order was given by plaintiff; that plaintiff never at any time during said period issued or delivered shipping order, so that defendant lost the sale of said material under said contract, and that in the meantime the market value of such steel changed to defendant's detriment, whereby it was damaged in the sum of $600, for which sum it prayed judgment.

Plaintiff replied by general denial of all allegations inconsistent with the pleadings of plaintiff.

A jury was impaneled to try the issues thus formed. But during the course of the trial, defendant appears to have admitted liability in some amount under the first cause of action. At the close of plaintiff's evidence, defendant demurred thereto as to the second cause of action. The demurrer was, at that time, taken under advisement. At the close of all the evidence, the court sustained defendant's demurrer to the evidence as to the second cause of action. Thereupon plaintiff demurred to the evidence of defendant as to its counterclaim. This demurrer was overruled, and the cause was submitted to the jury on plaintiff's first cause of action and defendant's counterclaim.

The jury returned the following verdict:

"We, the jury in the above action duly impaneled and sworn, upon our oaths, find the issues in favor of neither plaintiff or defendant that either take anything one from the other and tax the costs against plaintiff."

Plaintiff filed a motion for new trial, which being overruled, judgment was entered in accordance with the verdict, cost being charged against plaintiff.

The petition in error contains several specifications. The first is that the court erred in overruling plaintiff's motion for new trial; the second is that the court erred in giving instructions Nos. 1 to 8, inclusive, to which plaintiff excepted.

Examination of the record discloses that no exception to any of said instructions was made or preserved as provided by section 360, O. S. 1931, 12 Okla. Stat. Ann. § 578. Jensen et al. v. State ex rel. King, 165 Okla. 180, 24 P. 2d 982, holds that this statutory provision is mandatory.

In Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985, it is held:

"An instruction is not reviewable on appeal unless the action of the court in giving or refusing same and the exception thereto and the signature of the judge are noted thereon, as provided by the statute."

Therein, after quoting the provisions of section 360, supra, the opinion says:

"Thus, it seems to be plain and mandatory that the judge should so sign."

In Scott v. Scott, 129 Okla. 176, 264 P. 159, it is held:

"Section 542, C. O. S. 1921, provides that exceptions to the giving of instructions or the refusal thereof may be taken by a party writing at the close of each instruction, 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the judge. The requirements of this section are mandatory, and, unless complied with, instructions complained of cannot be reviewed on appeal."

It is clear that under the above decisions the instructions complained of cannot be reviewed on appeal.

The next proposition is that the court erred in sustaining the demurrer of defendant to plaintiff's evidence on the second cause of action.

The record discloses that about February 15, 1937, more than three months after the expiration of the time within which delivery under contract No. 522 F was to be made, defendant shipped one carload of the material covered by said contract, at the price provided in the contract, and marked on the invoice of contract No. 522 F that plaintiff accepted and paid for same.

It is contended that defendant thereby waived the breach, if any, of the contract. The difficulty with this contention is that there was no plea of waiver by plaintiff.

Plaintiff's pleading asserted a breach of the contract by defendant. Defendant's pleadings asserted breach of the same contract by plaintiff. By its reply plaintiff made no charge of alleged waiver of any breach of the contract. There was no instruction given and none requested going to the question of alleged waiver. The question is presented for the first time in this court.

A party may not try his case in the trial court on one theory and seek a reversal of judgment in this court on a theory not presented to the trial court or raised by the pleadings. Bouton v. Carson, 51 Okla. 579, 152 P. 131; Render v. Lillard, 61 Okla. 206, 160 P. 705;

Gunn v. Jones, 66 Okla. 321, 169 P. 895, wherein it is held:

"A party bringing or defending an action is required to frame his pleadings in accord with some definite or certain theory, and the relief to which he claims to be entitled must be in accord therewith. On appeal he is bound by the position and theory assumed, and on which the case was heard in the trial court."

Waiver, analogous in some respects to laches, must be pleaded and is not open as a defense under a general denial. 67 C. J. 308.

There being no error, judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent. GIBSON, J., not participating.