CALHOUN et al. v. FISHER.

No. 33452. Dec. 27, 1949.
Rehearing Denied Feb. 21, 1950.
Second Petition for Rehearing Denied March 21, 1950.

*215 P. 2d 846.*

Herman Merson, Mary Elizabeth Cox, and Ted Foster, all of Oklahoma City, for plaintiffs in error.

John N. Singletary and Margaret Behringer, both of Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action to recover actual ($1,811.79) and punitive ($1,000) damages alleged to have resulted from fraudulent misrepresentations made to her by defendants with the intention same be acted upon, and upon which she relied to her detriment by purchasing a going business and then being forced to vacate and abandon same because of sale of the building. The pleadings and evidence reflect substantially the following facts:

Defendant Calhoun was a salesman employed by defendants Beardon and Hutton, a partnership engaged in the real estate business. Shortly before the transactions hereafter related they had sold a cafe (located at 1324 South Agnew, Oklahoma City) to defendant Fields, who was not served and against whom no judgment was taken in this action.

Plaintiff who lived in Weatherford, Okla., desired to purchase a cafe which included living quarters, so she could have her two children with her. Through relatives she was put in touch with Calhoun, who undertook to show her such properties, and March 18, 1946, he showed her this cafe which he had sold to Fields and was being operated by him. Defendant had no listing on this property, but advised plaintiff same could be bought for $2,250 including his commission. Plaintiff then inquired as to the possibility of leasing the building and defendant told her the owner, Price, was out of the state and would be gone some time. However, he advised plaintiff he had talked with Price a few days before, and that while the building was not for sale and could not be leased, that she could have possession as long as she kept the rent paid. Thereupon plaintiff agreed to purchase the cafe, signed a contract and paid $250 as earnest money, and agreed to pay the balance upon taking possession April 1, 1946. She then returned to her home.

March 25, 1946, defendant called plaintiff at her home in Weatherford and advised her Fields was vacating the premises and that she should arrange to take over the business at once. Plaintiff immediately came to Oklahoma City, paid Fields the $2,000 balance due, and took possession of the cafe.

For sometime prior to plaintiff's purchase of the business Price, the owner, had been negotiating with one Daglish for a sale of the building. March 30, 1946, five days after plaintiff took possession and only one day before the date specified in the contract (April 1, 1946) for plaintiff to take possession, a deed was recorded conveying the building to Daglish, and he immediately requested plaintiff to surrender the premises, which she did in about three weeks time. Being unable to find another location plaintiff was forced to store her furniture and equipment and thereafter brought this action to recover damages for her loss. The basis of the action was that defendants had fraudulently misrepresented to plaintiff that the building was not for sale, knowing such representations to be false but intending to deceive plaintiff and cause her to rely and act thereon by inducing her to purchase.

The assignments of error relied upon by defendant for reversal of this judgment are presented under three propositions, the first two of which are directed at the sufficiency of the evidence. It is first contended that the evidence was insufficient as a matter of law to entitle plaintiff to recover a judgment.

Plaintiff's evidence was to the effect that she inquired as to the possibility of leasing the building and defendant told her he had talked with Price a few days before and had been told that Price would not lease or sell the build-

ing and that she could keep possession as long as she desired if she kept the rent paid. This testimony was corroborated by another witness.

There was further testimony that Calhoun had talked to Price only one time in February, 1946, when the cafe was sold to Fields relative to the sale or lease of the building and at that time Price advised defendant the building was not for sale or lease; that if sold he would handle the sale himself, and refused to give defendant a listing on the property. This evidence was sufficient to support the jury's finding that defendant had not talked to the owner a few days before the transaction, and that he deceived plaintiff into believing that she could retain the premises, which was the sole inducement for plaintiff to enter into the contract to purchase.

It is defendant's theory that before plaintiff could recover her evidence had to establish:

1. That defendants did advise plaintiff the building was not for sale or lease, but could be rented indefinitely.

2. That such statements were false and that defendants knew this.

3. That they were made with intent they should be acted upon and to deceive plaintiff.

15 O.S. 1949 §58 defines fraud as follows:

"Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:

"1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true.

"2. The positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true.

"3. The suppression of that which is true, by one having knowledge or belief of the fact.

"4. A promise made without any intention of performing it; or,

"5. Any other act fitted to deceive. R.L. 1910 §903."

The gist of the offense is said to rest in the producing of a false impression in the mind of another, the means of accomplishment being immaterial if the result actually is accomplished, since fraud includes all the multifarious means devised by human ingenuity which may be resorted to by one to secure undue advantage over another. Johnson, v. McDonald et al., 170 Okla. 117, 39 P. 2d 150; Berry v. Stevens, 168 Okla. 124, 31 P. 2d 950; Blackstock Oil Co. v. Caston, 184 Okla. 489, 87 P. 2d 1087.

Defendants' second contention is that there was no competent evidence to establish damages. It is urged that the only evidence in this respect is that plaintiff paid $2,250 for the cafe, together with testimony that the fixtures, which plaintiff had been forced to place in storage, would bring approximately $200 at an auction sale. The testimony as to value of the cafe fixtures was given by an auctioneer who had wide experience in holding sales of furniture and fixtures in this locality. This witness was cross-examined by the defendants, and they failed to introduce evidence to show the said fixtures had a greater value. The verdict of the jury was general and no objection was made by the defendants to its form.

The defendants in their brief state:

"We submit that the instructions of the court, above quoted were erroneous, but that even if it was a correct statement there was no testimony offered upon which to justify a recovery of damages by plaintiff."

Instruction No. 14 is as follows.

"If you find that the plaintiff is entitled to recover, as covered by the instructions herein given you, then you

are instructed that the measure of her recovery is the difference between the reasonable, fair, cash market value of the cafe business, in question, as a going concern, and the reasonable, fair, cash market value of the equipment, stock of goods, and other items received by the plaintiff and now held by her. For this item, she cannot recover to exceed the sum of $1,750.00. If you find for the plaintiff, as above set forth, she is also entitled to recover the reasonable cost of storing said equipment up to the time of the filing of the petition, not to exceed, as to this item, the sum of $24.00."

The defendants then say.

"Apparently the plaintiff contends that the statements of defendant Calhoun induced her to purchase the cafe; that the sale of the building decreased the value of the cafe. If so, her measure of damage would be as stated in Syllabus 2 of Myer & Greenwald Construction Co. v. Salina Gravel Co., 136 Okla. 214, 277 P. 274, to wit:

" 'The measure of damages to vendee of personal property for fraud of his vendor in inducing him to enter into a contract of purchase is the difference between th (sic) actual value of the property sold and the value it would have had, if the representations had been true.'

"This question was elaborately discussed in Holcomb & Hoke Mfg. Co. v. Jones, 102 Okla. 175, 228 P. 968. This court held that a purchaser of personal property who claimed to have purchased the same through fraudulent representation could either affirm or sue for damage, and that, 'While the purpose of rescission is to place the parties in statu quo, the remedy of affirmance is granted on the theory that the purchaser who acts honestly on his own part is entitled to the full fruit of his bargain and cannot without his consent be deprived thereof by the fraud of the seller. To accomplish this end we follow the weight of authority in rewarding to the purchaser as damages the difference between the actual value of the property and the value it would have had were the representations true.' "

The verdict of the jury was for $1,774. The plaintiff filed a remittitur of $24.

We are unable to see where the defendants are hurt by this instruction as it held the amount of the recovery of the plaintiff down to $1,750. Defendants make complaint about other instructions, but it is without substantial merit.

Where the instructions when considered as a whole, correctly stated the law and fairly submitted the issues to the jury, the case will not be reversed for the technical error in the instructions, especially where the jury was not misled.

The record reflects that the plaintiff through fraud of the defendants was led to believe that she was getting a place where she could live and operate a cafe business in the same building and thereby have her children with her. One of the defendants, Calhoun, testified that she wanted a cafe that contained living quarters.

From an examination of the entire record we do not find any errors of sufficient merit to require a reversal of the case, and when taking into consideration all the facts and circumstances, we are of the opinion the judgment of the trial court is amply supported by competent evidence.

Judgment affirmed.

GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. DAVISON, C.J., dissents.