Earl H. SMILEY and Maggie E. Smiley, Plaintiffs in Error,

v.

John B. JAGGERS and Eula Jaggers, Defendants in Error.

No. 37980.

Supreme Court of Oklahoma.

July 2, 1958.

Darrel Winings, Oklahoma City, for plaintiffs in error.

John W. Mee, and Milton R. Moon, Oklahoma City, for defendants in error.

PER CURIAM.

The parties to this appeal occupy here the same relative positions as in the trial court, and we shall continue to refer to them by their trial court designation.

The plaintiffs purchased from the defendants on March 1, 1948, an improved acreage east of Oklahoma City. The property was unplatted and is described in the deed of conveyance by metes and bounds. At the time of this transaction there was a fence near or adjacent to the described premises on the south. This fence had been in existence longer than one year prior to the purchase by plaintiffs, but for how much longer the evidence does not disclose. Likewise, the evidence does not disclose by whom this fence was constructed nor any other circumstance connected with its construction. It appears that the septic tank for this property comes to within eighteen inches of the fence line. At the time the property was purchased by plaintiffs, the property on the south adjoining the premises described in their deed was not owned by the defendants, but the defendants had become the owners of this adjoining property prior to the initiation of this action. There is some intimation by Mr. Smiley, in testifying concerning certain photographs which were admitted in evidence solely to

aid the court in understanding the arrangement of the premises, that the boundary described in his deed is actually some six feet north of the fence line. However, there was no competent (surveyor's) evidence offered to establish this as the fact. Plaintiff testified that during the negotiations it was " * * * generally understood * * * " that the fence line was the property boundary, but he also admitted "I don't remember whether he (defendant) ever just specifically told me where the line was or not." The defendant, called as a witness by plaintiff, testified "I did not tell him personally that was the line. I sold it to him just like I bought it." There was no contention that plaintiffs received less property than the area called for by the description in their deed.

The plaintiffs' petition, filed in March, 1954, sought reformation of the deed to describe the property as bounded by the fence line on the south. The case was tried in the lower court on that theory. The plaintiff will not be permitted to prevail on appeal on a theory not presented to the trial court. Louis Berkman Co. v. Unger Metals Corp., 190 Okl. 101, 121 P.2d 606. At the conclusion of the plaintiffs' evidence, defendants' demurrer was sustained by the trial court. Plaintiffs did not seek to amend their petition to ask for any relief other than that of reformation, and they have appealed from the court's judgment against them on that cause of action.

In an action of equitable cognizance, when a demurrer to the plaintiff's evidence is presented, the court may treat the demurrer as a motion for judgment and weigh the evidence; and where the court has weighed the evidence and rendered judgment for the defendant, such judgment will not be reversed on appeal unless it can be said to be against the clear weight of the evidence. Biggs v. Federal Land Bank of Wichita, 186 Okl. 99, 95 P.2d 902; Colbourn v. Bell, Okl., 294 P.2d 289. And as to actions of this specific nature, the party seeking reformation of the deed must es-

tablish his right, not just by the preponderance of the evidence, but by clear and convincing proof. The proof must establish the facts "to a moral certainty, and take the case out of the range of reasonable controversy." Fessler v. Fariss, Okl., 304 P.2d 332, 333. What have we in this action?

The plaintiffs must prevail by reason of a mutual mistake in the execution of the deed, or by reason of fraud or overreaching practiced upon them by the defendants, or by reason of a unilateral mistake on the part of the Smileys (plaintiffs) which was known to the Jaggerses (defendants), or not at all. Ware v. City of Tulsa, Okl., 312 P.2d 946. But the only evidence along this line in this record is plaintiff's testimony that it was "generally understood" that the property and fence line coincided, and this testimony must be considered in connection with his admission that he did not remember the defendant telling him where the property line was in relation to the surface, and with defendant's testimony, introduced by plaintiff, which was a positive denial that he represented the fence as the property line. This evidence, in view of the undisputed fact that defendants did not own the adjoining property at the time the deed was executed, hardly rises to the standard reiterated by Fessler v. Fariss, supra. The most reasonable conclusion from this record is that plaintiffs made a unilateral mistake based upon their own observation of the premises. This alone is not sufficient to authorize reformation, and in view of this conclusion we need not discuss the question whether reformation may be had to include property not owned by the grantors at the time of their conveyance but which has been subsequently acquired by them, or the question of whether seeking on appeal to establish a boundary line according to the "practical location" thereof by the parties to the conveyance is the urging of a different theory than that of "reformation" which was urged in the trial court.

The trial court's judgment is not against the clear weight of the evidence.

Judgment is affirmed.

This court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. NEASE the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

CORN, V. C. J., and DAVISON, WILLIAMS, HALLEY, JOHNSON and BLACKBIRD, JJ., concur.