Roland **WADSWORTH**, Plaintiff in Error,

v.

Vergie M. **COURTNEY**, Defendant in Error.

No. 40324.

Supreme Court of Oklahoma.

June 23, 1964.

Arney, Barker & Donley, Clinton, for plaintiff in error.

John H. Kennedy, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

Parties will be referred to as in the trial court.

Plaintiff and defendant are brother and sister. Their father, Samuel Hugh Wadsworth, owned 160 acres of land in Dewey County, Oklahoma. After his death in 1951, there was a will contest in his estate. That case was finally determined after an appeal to this Court in the case of In the Matter of the Estate of Wadsworth, Okl., 273 P.2d 997, in which the plaintiff received the entire 160 acres, subject to a life estate in his mother. That case became final in September, 1954.

At the time of the death of Samuel Hugh Wadsworth there were due hospital and doctor bills for services rendered him. Then at his death a bill in the amount of $401.25 was due a funeral home for services it rendered the senior Wadsworth. What happened to the doctor and hospital bills does not appear from the record but in April, 1957, the plaintiff received a letter from attorneys for the funeral home informing plaintiff that unless the note for $401.25, which he had given it was not secured by a mortgage on his interest in the land in Dewey County a suit would be filed. After receiving this letter he became disturbed and went to see the defendant, his sister, in Edmond, Oklahoma. He told her that if she would pay him $400 to pay the funeral home he would give her a deed to the minerals under the 120 acres he owned in Dewey County. This was done and two deeds issued, the second being a correction deed to show that the transaction was subject to the mother's life estate. These deeds were dated May 10, 1957, and May 24, 1957, respectively. The plaintiff contends that when he sold this mineral interest to defendant that she orally agreed to reconvey to him one-half of the miner-

als on the payment to her of $200. This the defendant denied.

Plaintiff offered his evidence. There was testimony to the effect that the defendant orally agreed to convey the one-half of the minerals to the plaintiff upon the payment of $200. Such agreement was not evidenced by any writing. The only witness on this was the plaintiff.

At the close of plaintiff's evidence the defendant demurred to it and the court sustained the same and entered judgment for the defendant. A motion for new trial was filed by plaintiff and from the order overruling the same, the plaintiff has appealed to this Court.

Two contentions are made by plaintiff which are: (1) The court improperly excluded certain competent testimony offered by plaintiff; (2) The demurrer of the defendant should have been overruled. With these we do not agree. As to the first there was no evidence excluded that would have improved plaintiff's case in any way. His testimony very plainly set out his contention that defendant promised him orally she would reconvey to him a one-half interest in the minerals under the 120 acre tract upon his paying her $200 and then she refused to do it. Her answer was a general denial. No authorities were cited by plaintiff sustaining his theory.

■ The plaintiff's second proposition is bottomed upon the idea that a resulting trust was created. The evidence in this case would not bear out such a view. In J. I. Case Co. v. Walton, 39 Okl. 748, 136 P. 769, we said:

"Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such case, a trust is implied or results in favor of the person for whom the equitable in-

terest is assumed to have been intended, and whom equity deems to be the real owner."

■ The only fact in this case that would tend to establish a resulting trust would be the fact that parties were brother and sister but to counteract that would be that plaintiff got his father to write a will in which the defendant and the other brothers and sisters were cut out of any interest in the homestead of their parents. The controversy on this went to this Court in the case of In the Matter of the Estate of Samuel Hugh Wadsworth, supra. There are no facts here that showed in any way that defendant intended to protect the plaintiff nor is there any evidence put forth that the plaintiff had the right to expect any favors from the defendant and that their dealings would be other than at "arms length." In Jones v. Jones, 194 Okl. 228, 148 P.2d 989, we held that the relationship of parent and child does not of itself create a confidential or fiduciary relation between the parties within the meaning of such relation as used in connection with the creation of a constructive trust. Certainly the relationship of a brother and sister is no more confidential than that of a father and son. Considering the litigation had between parties previously, we are not justified in holding that the Statute of Frauds could be disregarded in this case. We conclude that there was no confidential or fiduciary relation existing between this brother and sister.

The case of Bryant v. Mahan, 130 Okl. 67, 264 P. 811, relied upon by defendant has facts so vastly different from those in the case at bar that it can be of no help here.

■ We have held that to warrant a decree for enforcement of a resulting trust, the evidence must be clear, unequivocal and decisive. Staton v. Moody, 208 Okl. 372, 256 P.2d 409; Gaines Bros. Co. v. Gaines, 176 Okl. 576, 56 P.2d 869. The evidence here does not measure up to such a standard.

■ This is a case of equitable cognizance and the defendant demurred to plaintiff's evidence and the trial court after weighing the evidence as on a motion for judgment in favor of the defendant, rendered judgment in favor of the defendant. Such judgment of the trial court will not be reversed by this Court upon appeal unless said judgment is clearly against the weight of the evidence. When we realize that the plaintiff was told by an attorney of his own choosing that he was selling his entire interest in the minerals covered by the deed to defendant, that this action was not filed until April 21, 1961, and further consider all angles of this case, we find no error in the judgment of the trial court. In this we rely on the case of Biggs v. Federal Land Bank of Wichita, 186 Okl. 99, 95 P.2d 902, wherein we said:

"The first assignment of error by the plaintiff which we shall consider is that the trial court erred in sustaining the separate demurrers to the plaintiff's evidence. This contention is predicated upon the theory that the proper rule by which to test a demurrer to the evidence in a case of this nature is that all the facts which the plaintiff's evidence in the slightest degree tends to prove and all inferences and conclusions which may be reasonably and logically drawn therefrom are admitted as true for the purposes of the demurrer. But that test is not applicable to the demurrer to the evidence in the case at bar, since it is well established that in a case of equitable cognizance a demurrer to the plaintiff's evidence will be treated as a motion for judgment in favor of the defendant and the trial court shall then weigh the evidence, as it did herein, and render judgment accordingly rather than merely determining whether under the rule contended for by the plaintiff herein, the plaintiff has established a prima facie case. Inasmuch as the trial court must, in a case of

equitable cognizance, weigh the plaintiff's evidence at some time and determine the sufficiency thereof, if that evidence be insufficient at the conclusion of the plaintiff's evidence, there is no logical reason for requiring the defendant to prove a defense to the alleged cause of action which the plaintiff failed to establish. Considering the demurrer herein as a motion for judgment in favor of the defendants, the judgment of the trial court thereon will not be reversed on appeal to this court unless such judgment is against the clear weight of the evidence. * * *"

See, also Smiley v. Jaggers, Okl., 327 P.2d 652.

The judgment of the trial court is affirmed.

DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., and WILLIAMS and JACKSON, JJ., dissent.