Leo CLOVIS, Plaintiff in Error,

v.

Ella CLOVIS, Defendant in Error.

No. 43143.

Supreme Court of Oklahoma.

Oct. 28, 1969.

R. Dean Rinehart, of Rinehart, Rinehart & Rinehart, El Reno, for plaintiff in error.

Porta, Weaver & Bass, El Reno, for defendant in error.

BERRY, Vice Chief Justice.

This is an appeal from a judgment canceling a joint tenancy warranty deed executed by plaintiff, quieting and confirming plaintiff's title and possession of real property, and perpetually enjoining defendant from asserting title or interest in the described property.

Ella Clovis, herein designated plaintiff, became sole owner of an improved 80 acre tract in Canadian County following her husband's death in 1949. May 25, 1957, she executed a joint tenancy warranty deed vesting title in herself and a son, defendant herein. In December 1967 plaintiff filed suit to set aside this deed for fraud and misrepresentation, lack of consideration, and because defendant occupied a confidential relationship when the deed was executed.

By verified answer defendant denied allegations of the petition, and affirmatively alleged love and affection constituted adequate consideration for the deed, which was a valid gift inter vivos. And, further, contemporaneously with execution of this deed plaintiff executed a will providing for distribution of other property, both instruments being delivered to plaintiff, who retained possession of the will until 1967.

After the gift effected by the deed defendant exercised dominion over, expended money, time and labor thereon, and made improvements upon the property. Defendant prayed adjudication of existence of a valid gift inter vivos, confirmation of his ownership of an undivided half interest, and of his interest as a joint tenant with right of survivorship.

The trial court found generally for plaintiff, adjudged the deed null and void, and entered judgment cancelling the deed, confirming and quieting plaintiff's title and enjoining defendant from claiming interest or title to the property. This appeal urges four propositions for reversal of the judgment as being clearly against the weight of the evidence. The first contention, denying execution of the deed was procured by fraud, urges fraud in procuring a written instrument must be supported by such preponderance of evidence as to repel all opposing evidence and presumptions of good faith. This is the rule in syllabus 2, Miller v. Long, 202 Okl. 34, 210 P.2d 147.

An action to cancel an instrument of conveyance is of equitable cognizance. Hackett v. Hackett, Okl., 429 P.2d 753. In such an action this Court will examine the record and weigh the evidence, but will sustain the judgment on appeal unless clearly against weight of the evidence, or contrary to law or established principles of equity. Morris v. Leverett, Okl., 434 P.2d 912.

Following her husband's death in 1949 plaintiff resided on the farm about a year and a half with defendant, a widower, and his children. Plaintiff then purchased a residence in El Reno and continued to make a home and assist in caring for defendant's children. Defendant continued to assist plaintiff with her affairs, particularly the rental and operation of the farm. During this time plaintiff received farm rentals, paid all taxes, and expended money for necessary repairs and improvements. Defendant admittedly assisted with business affairs, handling selection of tenants and fixing annual rents. Eventually de-

fendant rented the farm and took over possession upon the same basis as the previous tenant. Prior to filing of this action defendant never claimed any interest in, or attempted to assert control over, this property. On December 28, 1967, defendant addressed a letter to plaintiff, then residing in Colorado, which stated, in part:

"Dear Mother: Glad to hear that you are well. Hope you had a nice Christmas. We had a nice Christmas. We are joint tenants, so I will put $300 in the bank at Calumet for you."

Obviously defendant assumed this posture in view of this action being filed.

The evidence showed for many years plaintiff had relied upon present counsel for legal advice, including execution of a will left with this attorney for safe-keeping. The day before execution of this deed plaintiff procured this will from the attorney's office. Defendant took plaintiff to the office of another attorney, not his present counsel, who had represented defendant in a divorce action, for execution of this deed which had been prepared in advance. Plaintiff testified both defendant and this attorney advised her the deed had to be recorded, but was like a will, would not take effect until death, and could be changed any time prior to her demise. Plaintiff thought she was signing a will which could be changed any time. She received no payment as consideration, had no intention of signing a deed or conveying an interest in the land, and did not intend to deliver a deed to defendant.

After the deed was signed plaintiff accompanied defendant to the courthouse where defendant recorded the instrument and paid the recording fee. The instrument was returned to plaintiff and apparently placed in a bank deposit box in Calumet, to which defendant also had a key. In 1966 plaintiff checked at the courthouse and learned a deed had been signed, discussed this with her banker in Calumet, and later employed counsel to bring this action. Plaintiff denied signing two instruments, and denied signing a will as alleged and testified to by defendant.

Defendant testified to having told the attorney of anticipated trouble with his sister over the estate when his mother died, and was advised this could be avoided by execution and recordation of the deed. Defendant took plaintiff to the attorney's office, paid the fee for services, and then recorded the deed and paid recording fees. Admittedly defendant and his former attorney told plaintiff the instrument was the same as a will and would not take effect until her death. Defendant treated the instrument as a will and made no claim to the property until suit was filed.

Basis of the four propositions presented as grounds for reversal is that the trial court's judgment is clearly against the weight of the evidence. Under the first contention defendant urges the controlling rule is as stated in Miller v. Long, supra, and the evidence unquestionably reflects complete lack of false or fraudulent misrepresentation upon the part of defendant or his attorney. A portion of the supporting argument relies upon excerpts from plaintiff's testimony tending to establish contemporaneous execution of this deed and a will. Concerning this testimony plaintiff made some contradictory statements relative to the alleged will. Plaintiff was past 84 years of age when this case was tried, and evidently did not have entire recollection of everything which occurred 10 years earlier. Undoubtedly the trial court accorded this fact proper consideration when weighing the evidence. Plaintiff steadfastly denied she intended to execute and deliver a deed, and at all times maintained she was led to believe she was signing a will. The only testimony to establish execution of a will was given by defendant, who testified plaintiff executed a will in the lawyer's office which was witnessed by the office girl. However, defendant was unable to recall anything further concerning this matter, and there was no effort to present corroborative testimony from the attorney or alleged witness.

To support the claimed failure of evidence showing this deed was procured by fraud defendant relies upon the rule relating to evidentiary requirements stated in Long, supra. However, in that decision we also restated the requisites of actionable fraud. Uniformly we have held the gist of fraudulent misrepresentation is the producing of a false impression in another's mind. If this result actually is accomplished then the means by which accomplished became immaterial. Calhoun v. Fisher, 202 Okl. 542, 215 P.2d 846. Particularly when considered with circumstances surrounding execution of the deed, defendant's admission plaintiff was advised the deed was the same as a will was sufficient to establish a false misrepresentation, made with intent plaintiff should act thereon, and that plaintiff acted in reliance upon this to her disadvantage and injury.

In view of this determination it is unnecessary to deal separately with arguments relative to plaintiff's failure to discharge the burden of proving existence of a confidential relationship, or that defendant was not required to assume the burden of proving good faith in execution of this deed. Concerning applicable principles involved where confidential relationship of whatever character may be involved see Daniel v. Tolon, 53 Okl. 666, 157 P. 756, 4 A.L.R. 704.

The final contention urges error in the trial court's failure to treat defendant's demurrer to plaintiff's evidence as a motion for judgment. Defendant insists the trial court should have weighed the evidence at that time and determined no logical reason existed for requiring defendant to prove a defense. See Wadsworth v. Courtney, Okl., 393 P.2d 530. This argument presupposes complete lack of evidence, and treats the court's failure to render judgment for defendant as failure to weigh the evidence. The rule in Courtney, supra, follows prior decisions holding when demurrers to the evidence are interposed in equity cases, trial courts are required to weigh the evidence when the motion is made. The basis for the rule is set out in Porter v. Wilson, 39 Okl. 500, 135 P. 732, 734, quoting at length the reasoning expressed in Lambuth v. Stetson & Post Mill Co., 14 Wash. 187, 44 P. 148. And, see Bailey v. Privett, 64 Okl. 56, 166 P. 150.

Neither party requested special findings of fact and conclusions of law. Nothing in the record reflects the trial court's refusal, or failure, to weigh the evidence upon conclusion of plaintiff's case. The fact judgment was rendered for plaintiff supports the conclusion plaintiff's evidence was weighed and determined sufficient to withstand defendant's demurrer when treated as a motion for judgment. The evidence and admissions concerning facts surrounding execution of the deed, particularly when considered with other evidence provided ample basis to support the determination made by the trial court.

By supplemental brief defendant advances a further contention based upon allegations of the amended answer. Therein defendant alleged execution of this deed evidenced plaintiff's intention to transfer an undivided one-half interest in the farm as a valid gift inter vivos, hence an action for cancellation was barred by 12 O.S.1961 §§ 93, 95, the applicable statutes of limitation. The claim this deed transferred a half interest as a gift inter vivos disregards the nature of the estate conveyed by such a deed.

Creation of a joint tenancy in property establishes a present estate in which both joint tenants are seised of the whole. Unity of time, title, interest, and possession are requisites for creation, and the principle characteristic of the estate created is a right of survivorship. 20 Am. Jur.2d, Cotenancy and Joint Ownership § 3 et seq. This right of survivorship does not pass anything from a deceased joint tenant to the survivor since, by the very nature of joint tenancy, title of the joint tenant who dies first terminates at death and vests eo instanti in the survivor. Both cotenants being seised of the whole, the survivor's estate simply is a continuation, or extension, of the surviving tenant's existing es-

tate. A joint tenancy simply creates a present estate which, absent severance of the tenancy during life of both tenants, assures the surviving joint tenant absolute ownership of the whole subject matter of the joint tenancy. The argument a gift inter vivos was intended would result in destruction of the unities of title and interest.

Under 12 O.S.1961 § 95(3), cause of action for cancellation of a deed procured by fraud must be commenced within two years from discovery of the fraud. Plaintiff's evidence was that not until 1966 did she actually discover the instrument executed was in reality a deed and not a will. Whether the fraud was discovered earlier was a question to be determined by the court, which was resolved in plaintiff's favor.

Judgment affirmed.

All Justices concur.